JAMES H. PHILLIPS, Sheriff, *vs.* JOHN M. VESSELLS.

1.  DAMAGES—"INQUISITION" TO DETERMINE DAMAGES AFTER DEFAULT
    JUDGMENT CANNOT BE HEARD AT JUNE TERM; "CAUSE;" "TRIAL;"
    "TRIED."

    An inquisition to determine damages in suit, in which default judgment
    was taken at the April term, must be heard at the October term, notwith-
    standing *Rev. Code* 1915, § 3795, prescribing the next term, since "inquisition,"
    in broadest sense, includes any judicial inquiry, and is a "cause tried by jury"
    within section 3684, prohibiting trial by jury of other than criminal causes at
    June term; "cause" meaning "legal proceeding between adverse parties,"
    and "trial," a judicial examination of the issues whether of law or fact, and
    being equivalent to "tried" (citing Words and Phrases, First Series, Trial)..

2.  DAMAGES—ON INQUISITION PLAINTIFF MUST PROVE HIS DAMAGES IN
    USUAL WAY, AMOUNT BEING FOR JURY.

    On inquisition to determine damages under *Rev. Code* 1915, § 3729,
    plaintiff must prove his damages in the same manner and under same rules of
    evidence, as on trial of rights as well as damages; the amount thereof being
    for the jury to determine.                                      ·

3.  DAMAGES—DEFENDANT MAY PARTICIPATE IN INQUEST.

    While defendant does not ordinarily participate in statutory inquisition
    to determine damages, no rule of law or procedure prevents it.

                              (*July* 1, 1924.)

HARRINGTON and RICHARDS, J. J., sitting.

*James M. Tunnell* for plaintiff.

Superior Court for Sussex County, June Term, 1924.

SUMMONS CASE, No. 23, April Term, 1924.                    ·

The plaintiff as sheriff of Sussex county sued the defendant
and procured a judgment against him by default at the April term,
1924. At the June term, 1924, which was the next term of the
Superior Court in Sussex County he made a motion that the
amount of his judgment be ascertained by an inquisition at bar,
and that a jury be drawn from the panel in attendance at that
term for that purpose.

*Section* 3729, *Rev. Code* 1915, provides, in substance, that the
judges who give any interlocutory judgment shall on motion make
the order in the nature of a writ of inquiry to charge the jury at-
tending at the same or next term of court to inquire in open court of

the damages and costs sustained by the plaintiff in such action and return their inquisition, etc.; whereupon the court may proceed to judgment.

*Section* 3684, *Rev. Code* 1915, also provides that, at the June term in Sussex county and the July term in Kent county, "no causes shall be tried by jury, except those of a criminal nature."

HARRINGTON, J., delivering the opinion of the court:

The sole question before us is whether an inquisition is a cause tried by jury within the meaning of *Section* 3684, *Rev. Code* 1915.

[1] That it in no sense partakes of a ciminal nature is necessarily conceded. *Woolley on Del. Prac. vol.* 1, § 239.

The Century Dictionary defines cause as "a legal proceeding between adverse parties; a case for judicial decision."

A trial is also defined in the same work as "the judicial investigation and determination of the issues between parties; that part of a litigation which consists in the examination by the court of the point, the hearing of the evidence, if any, and the determination of the controversy or final submission of the cause for such determination."

The same thought is sometimes expressed by the statement that a trial is a "judicial examination of the issues whether of law or fact." *Eldridge v. Strenz,* 39 *N. Y. Super. Ct.* 295, 300; *Stewart v. State,* 28 *Ind. App.* 378, 62 *N. E.* 1023; *Words and Phrases, First Series, p.* 7095, 38 *Cyc.* 1267.

While the word "trial" is a noun, the word "tried," though a verb, is used in the statute involved in this case (*Section* 3684) in the same sense.

Inquest or inquisition is "in its broadest sense a term including any judicial inquiry but is more generally confined to an inquiry by jury" (22 *Cyc.* 1101), and it is used in the latter sense in *Section* 3729.

[2] While it is true that the verdict on an inquisition and the final judgment thereon must be against the defendant, the amount

of such verdict is for the jury to determine after hearing the evidence.

The plaintiff in such a proceeding must also prove "his damages in the same manner and with the same regard to the rules of evidence as he would in proving damages before a jury that was trying the question of rights as well as of damages," alone. *Woolley on Del. Prac. vol.* 1, § 239.

[3]   While the defendant in the judgment ordinarily does not participate in the hearing before the jury by the production of evidence or otherwise on the issue of damages, we know of no rule of law or procedure that would prevent his doing so.

That an inquisition is a cause tried by jury and is therefore within the prohibition of *Section* 3684, *Rev. Code* 1915, seems clear. *Haines v. Davis*, 6 *How. Pr.* (*N. Y.*) 118.   That being true, the present July term of court cannot be counted as the next term after the April term within the meaning of *Section* 3729, *Rev. Code* 1915, and the plaintiff will be within his rights if his damages are ascertained by an inquisition at bar at the October term of this court.

While delays in judicial proceedings are always to be regretted, we are bound by the provisions of the statute, and the only remedy is by appropriate legislation.

The application of the plaintiff that the amount of his judgment against the defendant be ascertained at this term by an inquisition at bar is, therefore, refused.