[Civ. No. 5285.  First Appellate District, Division Two.—February 18, 1926.]

## WILLIAM L. MORROW, Appellant, v. GEORGE O. LEARNED, Respondent.

[1] JUDGMENTS—STIPULATION—WAIVER OF ERRORS—APPEAL.—A stipulation for a judgment is a consent to the entry of the judgment and is a waiver of errors by the party consenting thereto, and a judgment so entered will not be disturbed on appeal.

(1) 34 C. J., p. 132, n. 7 New, p. 133, n. 38, p. 134, n. 52.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Walton J. Wood, Judge.  Affirmed.

The facts are stated in the opinion of the court.

E. Neal Ames for Appellant.

A. W. Hutton and Jesse F. Watterman for Respondent.

NOURSE, J.—Plaintiff sued to cancel two written contracts and for damages for defendant's failure to perform. Judgment was rendered in pursuance to an oral stipulation made in open court granting plaintiff all he prayed for, with a condition favorable to the defendant.  The plaintiff has appealed on typewritten transcripts.

The contracts in question were executed on May 24 and May 25, 1918.  At the time plaintiff was owner of certain patents for the manufacture of gasoline engines and was also the owner of some manufactured engines, an air-pump, and an air-compressor.  By the terms of the contracts these manufactured articles were sold outright to the defendant and he agreed to manufacture and sell other engines in accordance with plaintiff's patents, sufficient to supply the demand therefor, and to account to the plaintiff for a stipulated portion of the proceeds.  On August 5, 1919, plaintiff served notice of cancellation of the contracts upon the ground that defendant had failed to perform and subsequently com-

---

1.  See 14 Cal. Jur. 878; 15 R. C. L. 646.

menced an action for a cancellation and for damages. Judgment went against the plaintiff and no appeal was taken.

On August 26, 1921, plaintiff again served notice of cancellation and then commenced this action for a cancellation and for damages. The defendant pleaded the former action as a bar and that was the principal question before the trial court. The plaintiff waived the claim for damages and offered no evidence on that issue.

After the defendant had rested and while the plaintiff was finishing his rebuttal he called the defendant to the stand and drew from him the admission that he would be satisfied to have the contracts canceled and to return to plaintiff all his plans, blue-prints, and patterns if plaintiff would only concede his right to manufacture and sell a two-cylinder engine which the defendant had perfected and which was not covered by any of plaintiff's patents. Plaintiff was immediately called to the stand by his counsel and agreed that he had no patent on the two-cylinder engine mentioned by the defendant, and that he had no objection to the defendant's continuing to manufacture and sell that engine on his own responsibility. Counsel for defendant then interposed that that was all his client desired and that if such an agreement could be made he would consent to judgment as prayed by plaintiff. The trial court then suggested a recess to enable the parties to reach an agreement.

When court reconvened, the following proceedings occurred: "Mr. Watterman: (Attorney for Defendant.) If your Honor please, the matter of the compromise has just been submitted, and it was this. In consideration of the cancellation of the contracts Mr. Morrow will allow Mr. Learned a license to sell this two-cylinder engine in consideration of a small royalty such as Mr. Learned may be willing to pay. He said he is willing to pay one dollar to Mr. Morrow. I think that is sufficient, for each engine manufactured and sold. Not to be paid, of course, until within thirty days after Mr. Learned receives payment for the engines that he sells. Mr. Learned naturally is willing to turn back to Mr. Morrow all the patterns that he received from him, blue prints, whatever they are, but to retain, of course, the engines which he bought from him and the so-called air pump or compressor. Mr. Palmer: (Attorney for Plaintiff.) I think that is a correct statement, Mr. Watter-

man. The Court: Better postpone the case for a few days, and draw up that agreement and dismiss the action. Mr. Watterman: I think we better have judgment entered by stipulation. The Court: All right. Mr. Palmer: I think the court had better return judgment by stipulation. The Court: All right. What do you propose be received as the stipulation, then? Mr. Palmer: Mr. Watterman stated it. Mr. Watterman: Suppose we prepare a proper judgment including the stipulation and have it O.K.ed. Mr. Palmer: That is all right. The Court: All right. Mr. Watterman: The only question to be considered, then, is the question of costs? Mr. Palmer: Each party pay his own costs. The Court: That is satisfactory. Mr. Watterman: Each party pay his own costs. The Court: I don't understand exactly what the stipulation is. I suppose you will put it in writing and bring it here later on and postpone this to a date certain, or just mark it submitted until you bring in the judgment. Mr. Watterman: I think it may be just marked submitted. The Court: All right, mark it submitted."

Plaintiff subsequently became dissatisfied, engaged new counsel, and refused to sign a written stipulation for the judgment. The court following the agreement made by the parties in open court, entered judgment accordingly, from which the plaintiff has appealed.

On this appeal several technical grounds are urged by the appellant—the failure to file findings of fact and conclusions of law; that the provision in the judgment permitting the respondent to manufacture and sell the two-cylinder engine was without the issues; that as the stipulation was not in writing it should have been entered in the minutes of the court by the clerk, and that the judgment was entered *ex parte* without the knowledge of appellant. It is not necessary to consider any of these grounds because, if any error occurred, the appellant has not suggested any possible prejudice.

[1] The judgment was entered in the stipulation of the parties given in open court. A stipulation for a judgment is a consent to the entry of the judgment, and "A consent to a judgment is a waiver of errors by a party consenting thereto." (*Jackson* v. *Brown*, 82 Cal. 275, 278 [23 Pac. 142].) A judgment so entered will not be disturbed on

appeal. (*Erlanger* v. *Southern Pac. R. R. Co.,* 109 Cal. 395 [42 Pac. 31]; *Hibernia Sav. & Loan Soc.* v. *Waymire,* 152 Cal. 286 [92 Pac. 645].)

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.