24 P.(2d) 1098

## BOARD OF COUNTY COM'RS OF QUAY COUNTY v. WASSON.

### No. 3777.

Supreme Court of New Mexico.

Sept. 6, 1933.

Carl A. Hatch, of Clovis, for appellant.

J. C. Compton, of Portales, E. M. Grantham, of Clovis, and James L. Briscoe, of Tucumcari, for appellees.

ZINN, Justice.

The board of county commissioners of Quay County instituted proceedings to condemn a right of way for road purposes across lands belonging to the appellant. He was allowed $37.20 damages, to which allowance the appellant objected. By stipulation it was agreed to vacate the allowance and permit a new appraisal. The new appraisal allowed the appellant damages in the sum of $375. An order was entered May 28, 1931, approving and confirming the appraisal, and judgment was rendered against the appellee and in favor of the appellant in said sum. On June 16, 1931, the appellee filed a motion to vacate said judgment, and prayed to have the original appraisement confirmed and approved, and on June 22, 1931, the motion was denied and an order of the court entered accordingly. On July 25, 1931, the appellee filed another motion to vacate the final judgment and to have the original appraisement confirmed and approved, and in support thereof alleged that the sum of $375 damages assessed by the board of appraisers last named is unconscionable, excessive, unreasonable, unjust, and inequitable, being in substance the allegations in support of the original motion to vacate, which last motion was on the same day sustained by the court, and an order entered accordingly, to which order the appellant excepted, and from which the appellant brings the case here for review.

In this case, when the appellant objected to the $37.20 award, a stipulation was entered into by the appellant and the appellee providing that the court could make an order setting aside the original award, and the appellant could recommend the name of one person, the appellee another, and the two named would jointly recommend a third, all three must then be approved by the court, and the three persons so designated would be appointed by the court as commissioners to appraise and assess the damages sustained by the appellant, and if such three names so selected and recommended be not designated by the court, then three other suitable qualified and competent persons were to be selected by the parties to act as appraisers. All parties agreed that they would accept the award by the new commissioners and that a judgment should be entered for the award as made by the commissioners. We assume that the commissioners were selected as stipulated, and judgment was duly entered upon their report.

The only error assigned by appellant is that the court on July 25, 1931, could not

set aside the judgment rendered on May 27, 1931, for the reason that it had lost jurisdiction of the same.

It is contended by the appellee that the appellant failed to object to the court hearing the motion filed July 25th, and that the appellant did not point out to the court below the error which the appellant now urges the trial court did make, and that the appellant cannot raise such error in this court for the first time.

The rule is clear unless the error complained of has been first called to the attention of the trial court, and objections first made there pointing to the error about to be made, that we will not examine the record; but to this rule is a well-recognized exception, which is to the effect that the court will examine the record and pass upon a jurisdictional question when first raised on appeal, which is the question in this case. Fullen v. Fullen, 21 N. M. 212, 153 P. 294; Baca v. Perea, 25 N. M. 442, 184 P. 482.

The appellee also urges this court to sustain the order of the trial court vacating the final judgment because the trial court, being a court of general jurisdiction, has inherent power to vacate its judgments rendered by consent or by confession for an indefinite period except as such power be limited by statute, and also that the judgment in this action does not come within the provisions of Comp. St. 1929, § 105-801 because it was not rendered in a case *tried* pursuant to the provisions of Comp. St. 1929, § 105-801,

and there is no statutory limitation upon the power of the court to vacate this judgment.

This contention is without merit. Section 105-801 embraces and is applicable to all final judgments unless by statute otherwise excepted. Judgments by confession or consent are not excepted by statute.

That portion of Comp. St. 1929, § 105-801, applicable here, is as follows: *"Final judgments and decrees*, entered by district courts *in all cases* tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment; Provided, that if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof."

That there is no logic to appellees' contention that the judgment is one not rendered on a case "tried" within the meaning of section 105-801, is easily demonstrated. Comp. St. 1929, § 105-808, defines the term "trial" as follows: "A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact."

The Century Dictionary defines "trial" as follows: "The judicial investigation and determination of the issues between parties; that part of a litigation which consists in the examination by the court of the point, the hearing of the evidence, if any, and the de-

termination of the controversy or final submission of the cause for such determination."

While the word "trial" is a noun, the word "tried," though a verb, is used in the statute involved in this case in the *same* sense. Phillips v. Vessells, 2 W. W. Harr. 490, 126 A. 51.

That there was a judicial examination of the issues both of law and fact as made up by the pleadings cannot be questioned, and we hold here that the case was tried and a final judgment within the meaning of section 105-801 was rendered on the issues by the trial court.

██ We are then brought to a determination of whether or not the trial court on July 25, 1931, still had jurisdiction to vacate the judgment entered on May 28, 1931.

Before the court on July 25, 1931, could regularly vacate the final judgment theretofore rendered, the same must come within certain well-defined and established classifications, otherwise the trial court lost jurisdiction.

Having held that it is a judgment within the meaning of Comp. St. 1929, § 105-801, it necessarily follows that it either must be a judgment which the court can vacate in its discretion as provided by section 105-801, or a default judgment to bring it within the provisions of section 105-843, or an irregularly entered judgment to come within section 105-846, or a judgment which equity will vacate and set aside because of fraud, collusion, or other grounds, to correct which equity will extend its protective arm.

That the judgment does not come within the provisions of Comp. St. 1929, § 105-843, per-

mitting the trial court for good cause shown to vacate default judgments is apparent, because this judgment was not a judgment rendered by default, and not coming within this exception, the appellee contends that it comes within the other three classifications.

██ After contending that the judgment did not come within section 105-801, either because it is a judgment by confession or consent or because it was not "tried" within the meaning of said section 105-801, the appellee attempts to keep the judgment within section 105-801, by contending that if the court did fall into error in vacating the judgment on the 25th day of July, 1931, the action should be affirmed by this court because the trial court committed error against the appellee when he refused to vacate such judgment on the 22d day of June, 1931, and we should vacate the judgment, the result of which would leave the parties in the same situation as though the actions of the trial court in vacating the judgment were affirmed.

The appellee here is apparently seeking the aid of this court to sustain the court's action under rule XV, § 2, of the Rules of Appellate Procedure.

Whether the court was in error on June 22, 1931, when it refused to vacate the judgment, we are unable to determine from the record before us. It was a matter solely within the discretion of the court, and the appellee failed to submit any evidence to the court to move the court's discretion in their favor, and from the barren motion and order we can find no abuse of discretion. The appellee bases

his claim of error in the court's refusal to sustain the first motion to vacate as an abuse of discretion on the fact that the final award was more than ten times the amount of the original award. The ratio between the final judgment and the original award standing alone indicates nothing.

In this situation we cannot aid the appellee. The trial court did not err on June 22, 1931, in denying the appellee's motion filed June 16, 1931.

The appellee then attempts to sustain the court's action and keep the same within section 105-801 by contending that the motion sustained on July 25th was substantially the same motion overruled on June 22d, and that said overruled motion was filed within thirty days, and the delay of the trial court in sustaining the same is within the statute, and the order of June 22d may be disregarded.

With this contention we cannot agree. The first motion to vacate the judgment was overruled. If the same had not been overruled, the same having been filed on June 16, 1931, the order of the court on July 25, 1931, could not apply in this instance, and would be void, because Comp. St. 1929 § 105-801, specifically provides that if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof.

Orderly procedure cannot permit the refiling of a motion to vacate when the same motion was once denied, at a date beyond the time permitted by statute, and then permit the subsequent motion to relate back to and be considered as an amended original motion in order to bring the same within the statutory time when such motion can be filed, as the appellee urges here; were it not so a judgment could never be considered final because of such a vexatious procedure.

The appellee then contends that the judgment could be vacated for irregularity within the provisions of section 105-846, in that the judgment was supposedly rendered upon a stipulation, which stipulation provided that commissioners should make an appraisal as provided by law, and no appraisal as provided by law was made by such commissioners, and therefore the judgment was wholly without foundation and was voidable, if not void, and was irregular.

The record in this case shows that the three commissioners appointed by the court did make a return under oath, stating that they were appointed by the court to assess the damages which the appellant may have sustained by reason of the appropriation of his land for the purpose of a right of way for a highway, and that having viewed the premises appropriated by the plaintiff for a right of way, assess the damages to the defendant in the sum of $375.

The land sought to be condemned by the appellee is described specifically in the complaint filed in this action, and relates to the instant proceeding and none other. Comp. St. 1929, § 43-103, does not require a description of the real estate in the commissioners' report except where more than one owner is included in the petition to condemn, then the

damages should be stated separately, together with a specific description of the property for which such damages are assessed. That is proper, so that each defendant would know specifically what portion of his property was being condemned, and the amount of damages assessed, so that proper objections can be made. No one was misled here, least of all the appellees. A nicety of pleading might include a description of the property viewed, the date when the same was viewed, and the other details which the appellee contends should have been incorporated in the commissioners' report. However, it clearly is not an irregularity within the meaning of section 105-846.

 We next come to the other proposition presented by the appellee to sustain the court's jurisdiction to vacate the judgment, contending that the judgment comes within the ruling of this court in the case of Kerr v. Southwest Fluorite Co. et al., 35 N. M. 232, 294 P. 324, where we held that statutes limiting time for opening or vacating final judgments do not apply to cases of extrinsic fraud or collusion.

The basis of this contention is that the final award was ten times as much as the original award, and this disparity is so grossly excessive, unreasonable, unjust, inequitable, and unconscionable as to raise a presumption of extrinsic fraud.

That the last award is ten times as much as the first award is not indicative of the claim made by appellee that the final judgment was unreasonable and excessive, without evidence of the value of the land sought to be condemned and taken by the county. It would be as logical to conclude that the original assessment of $37.20 was unjust.

There is nothing in the record to show that the amount is excessive, unreasonable, unjust, unconscionable, and inequitable. The appellant could as logically contend that the $37.20 award was so small, unreasonable, unjust, unconscionable, and inequitable to amount to confiscation. Without proof the terms "excessive," "unreasonable," "unjust," "unconscionable," and "inequitable" are here empty words and conclusions of the pleader.

The record fails to show that W. B. Rector, H. K. Grubbs, and Isaac Stockett, the appraisers chosen and approved pursuant to the stipulation of the parties, acted fraudulently or were in collusion with the appellant, or in any other manner violated their oath. The parties herein stipulated they would accept the award made by the new commissioners. The record does not disclose that the commissioners so appointed were not appointed in accordance with the stipulation, nor does the record show anything to indicate any unfairness on the part of the commissioners appointed pursuant to the stipulation. The two awards standing alone are naked of any inference of wrongdoing. The mere disparity in amount is of itself not indicative of any extrinsic fraud.

The record does not disclose fraud, mistake, or other equitable grounds justifying the interposition of a court of equity to vacate a judgment regularly rendered.

The appellee urges that every presumption should be indulged in favor of the correctness and regularity of the decision of the trial court. Sandoval v. Unknown Heirs, 25 N. M. 536, 185 P. 282; Cassell Motor Co. v. Gonzales, 32 N. M. 259, 255 P. 636; Street v. Smith, 15 N. M. 95, 103 P. 644; Territory v. Herrera, 11 N. M. 129, page 141, 66 P. 523; Witt v. Cuneod, 9 N. M. 143, page 145, 50 P. 328; Sloan v. Territory, 6 N. M. 80, 27 P. 416.

The order appealed from merely recites that all parties appeared, that the court considered the motion and was fully advised in the premises, and decreed that the judgment, report of the appraisers, and the stipulation be set aside, to which decree the defendant excepted.

There is a remote probability that the court vacated the judgment, the report of the appraisers, and the stipulation because it was inequitable, which might mean that the proceedings had were not in accord with the principles of equity, which might mean that they were fraudulent, or collusive, and if so, the trial court had unquestioned power to vacate them. But the motion preceding the judgment and the appellees' theory as urged in its brief is based solely on the amount of the award, and the difference in the two awards is not proof of extrinsic fraud.

When the court on June 22, 1931, overruled the motion to vacate the judgment, the question was at an end, and the judgment had passed from the jurisdiction of the lower court.

As this court recently said in the case of Ealy v. McGahen, 37 N. M. 246, 21 P.(2d) 84, page 87, that: "Final judgments cannot be set aside under any and all pretexts or claims. When a claim or demand ripens into a regular and valid judgment, it becomes an established right which must be protected not only by the court which rendered the judgment, but by all courts. * * * Public policy requires that there be an end to litigation and that rights once established by a final judgment shall not again be litigated in any subsequent proceeding."

When the court on June 22, 1931, overruled the motion filed June 16, 1931, it had lost jurisdiction in this instance to again entertain the motion filed July 25, 1931, and it committed error on July 25, 1931, in sustaining the motion filed July 25, 1931, for which the cause must be reversed and remanded, with instructions to deny the appellees' motion to vacate and to reinstate the final judgment entered for appellant.

It is so ordered.

WATSON, C. J., and SADLER, and BICKLEY, JJ., concur.

HUDSPETH, Justice (dissenting).

It is the duty of a district judge to prevent his court being used as the vehicle for raids on the public treasury by stipulation or otherwise. The learned trial court, after mature consideration, set aside the order confirming the reports of commissioners allowing damages of more than ten times the

amount assessed by regularly appointed commissioners, which award under stipulation had been set aside by another judge. The question for review is whether there were such irregularities at and before the entry of the judgment as, under the provisions of Comp. St. 1929, § 105-846, justified the action of the court.

These commissioners were selected "according to the plans suggested or set forth in their stipulation filed herein." It is true that they were named in the order of the court approving the stipulation and setting aside the award of the first commissioners, but their selection was not the deliberative act of the court, but the act of the parties themselves, or rather the attorney representing appellee and the appellant. The court abdicated its judicial function at the request of counsel. Comp. St. 1929, § 43-103, makes it the duty of the court to appoint disinterested commissioners in this special proceeding. Among the important consequences of a failure to select disinterested commissioners, not the least is the tendency to bring the administration of the law into disrepute. A judgment entered upon a grossly excessive award under a valid stipulation, without notice of hearing or opportunity to object, is irregular. Comp. St. 1929, § 43-106, provides: "Upon the filing of such report of said commissioners, the clerk of the court wherein the same is filed shall forthwith notify the attorneys of record for all of the parties to such proceeding. * * * The report of such commissioners may be reviewed by the court in which the proceedings are had on

written exceptions filed in the clerk's office, by either or any party within thirty days after the time of the filing of such report in the clerk's office; and the court shall make such order therein as right and justice may require. * * *"

The report of the commissioners was not filed in the clerk's office until after the judgment had been signed. It was signed in another county and, so far as the record shows, no notice was given to appellee's counsel of the time and place of the presentation of the report of the commissioners and stipulation to the court. Apparently, the proceedings were upon the theory that "a stipulation for a judgment is a consent to the entry of the judgment" (Morrow v. Learned, 76 Cal. App. 538, 245 P. 442, 443), and that judgment followed automatically a valid award. The judgment states:

"Now, at this time the report of the commissioners W. B. Rector, H. K. Grubbs and Isaac Stockett, heretofore appointed by this court to assess the damages which the above named defendant and owner of the lands involved in this proceeding has sustained by reason of the appropriation of his land for the purpose of a right of way for a highway in and across the same, came on to be heard and it appearing to the court that said commissioners above mentioned have been duly appointed by the court under a stipulation filed by the parties hereto, in which said stipulation the said parties agreed to accept the assessment of damages made by said commissioners and agreed that they

would not except to such report or appeal therefrom, and the court being advised in the premises finds:

"That the said report of the commissioners above named should and ought to be confirmed."

Surely this is not a judgment after trial. Rather the court lent its machinery at the request of counsel that the award might become a judgment pursuant to the stipulation. In the case at bar, the amount for which judgment would be asked was not known at the time the stipulation was signed, and we should not presume that upon the signing of the stipulation and the naming of one commissioner, the attorney of appellee retreated from the field and burned the bridges behind him so that appellee would have no part in or knowledge of the further proceedings until demand was made for the payment of the judgment. If appellee or its attorney had had knowledge of the contents of the report of the commissioners—and we cannot presume that they had such knowledge where the record is silent and the provision of the statute as to notice was not complied with—the attention of the court would, no doubt, have been called to the fact that the amount fixed as damages was more than ten times that assessed by the regularly appointed commissioners. In the companion case, Board of County Com'rs v. Gardner, 37 N. M. 514, 24 P.(2d) 1104, the amount fixed by the first commissioners was $70, while the award of the last commissioners was $900. Or is it the theory that the assistant district attorney tied the hands of the board of county commissioners by the stipulation so that his client could not be heard to object, however unjust the award?

Counsel for the county may not stipulate away fundamental procedure designed to give his client an opportunity to bring to the attention of the court the fact that a grossly excessive award has been made, although no actual corruption is shown. Such practice would be "inconsistent with the full and impartial course of justice." 60 C. J. 49.

The appellee appeared by special counsel after the judgment had been entered and moved the court to vacate the stipulation, report, and judgment, and after reciting the former proceedings, said:

"That the said stipulation and the said order filed May 21st, 1931, and the said report of commissioners filed May 28th, 1931, and the said order confirming said report and giving judgment against the Plaintiff, filed May 28th, 1931, ought to be vacated, set aside, and held for naught, for the following reasons, to-wit:

"(a) That the report of the first commissioners appointed, to-wit: Commissioners Wm. Troup, M. C. Garr, and Lee Watkins, was fair, equitable and just, and no reason has been shown, nor can be shown, why said report should be set aside, by stipulation or otherwise.

"(b) That the damages assessed by the Board of Appraisers last named, to-wit: The sum of Nine Hundred & No/100 ($900.00)

Dollars, is unconscionable, excessive, unreasonable, unjust and inequitable.

"(c) That said judgment and the amount of damages determined therein for which judgment was given against this Plaintiff, is unconscionable, excessive, unreasonable, unjust, and inequitable, and should be vacated, set aside, and held for naught.

"(d) That the Plaintiff is a Board representing the County of Quay, a body politic; that the Plaintiff Board did not consent to such stipulation, or to any of the proceedings hereinbefore mentioned following such stipulation."

Comp. St. 1929, § 39-112, enacted in 1875, is pointed to as conferring power upon the district attorney to take the action followed in this case. This territorial statute conferred broad powers upon the district attorney, but the later statute, Comp. St. 1929, § 64-211, enacted in 1921, provided that rights of way shall be acquired by boards of county commissioners "by payment of a price agreed upon by the owner and the board of county commissioners, or by the exercise of the power of eminent domain in the manner provided by law for acquiring property for public use."

Ordinarily, the power to confess judgment against a municipality is vested in the officials with capacity to contract and liability to pay, but even then the judgment must be a just one and one which by law its officers have a right to assume on behalf of the municipality. It is not believed that it was the intention of the Legislature to take away from the board of county commissioners the power and authority to contract with respect to the acquiring of a right of way and to vest it in the district attorney upon the filing of the complaint in a condemnation proceeding.

The late Chief Justice Parker, referring to Comp. St. 1929, § 39-112, in State v. State Inv. Co., 30 N. M. 491, 239 P. 741, 746, said: " * * * and evidently contemplates an investigation of the facts * * * by the court."

Appeals from judgments on stipulation are usually dismissed on motion. Coolsaet et al. v. City of Veblen, 55 S. D. 485, 226 N. W. 726, 67 A. L. R. 1499 and annotation. Therefore, if relief is to be had in this class of case, it must be in the nisi prius court.

In Mills v. Board of Com'rs et al., 35 Idaho, 47, 204 P. 876, 879, the court quotes from Clyne v. Bingham County, 7 Idaho, 75, 60 P. 76, language which seems appropriate here: "County attorneys cannot limit the jurisdiction of the district court or of this court, by stipulation or otherwise, or relieve either of said courts of duties enjoined by positive statute. * * * It is not a matter between the county attorney and the respondent. The public, the taxpayers—those who 'bear the burden in the heat of the day'— have some rights in the premises, which cannot be frittered away by the county attorney." See, also, Cook v. Mills Ranch-Resort Co., 31 N. M. 514, 247 P. 826.

We need not concern ourselves with the

question as to which irregularity moved the court to set aside the judgment so long as the ruling was right.