[Civ. No. 10223. First Appellate District, Division Two.—February 26, 1937.]

S. O. HOLMES, Appellant, v. JUSTICE'S COURT OF THE TOWNSHIP OF OAKLAND et al., Respondents.

Nathan G. Gray for Appellant.

Decoto & St. Sure for Respondents.

NOURSE, P. J.—Petitioner sued for a writ to review an order of the Justice's Court granting a perpetual stay of execution upon a judgment which petitioner had secured against Mrs. Leese. Petitioner also asked a writ of mandate to require the Justice's Court to issue a writ of execution upon that judgment. The respondents appeared by demurrer and answer. After a hearing, judgment was entered for petitioner upon both counts. Thereafter the respondents moved for a new trial, which was granted, and judgment was then entered for respondents denying any relief to petitioner.

The appeal is taken from this judgment. No question is made that the writ of mandate should not issue if the order

of the Justice's Court is annulled, and we will, therefore, confine our discussion to the writ of review.

■ That the Justice's Court had no jurisdiction to enter the order perpetually staying execution must be obvious. The effect of such order was to cancel or annul the judgment on the debt. When plaintiff's judgment was entered on June 13, 1934, and the defendant therein allowed it to become a final and valid judgment, "the validity and finality thereof was not affected by the fact that it was based upon a debt discharged in bankruptcy. A discharge in bankruptcy is a special defense, and it must be pleaded. (*Tuttle* v. *Scott,* 119 Cal. 586 [51 Pac. 849]; *In re Boardway,* 248 Fed. 364; *Garner* v. *Hartsfield Loan and Savings Co.,* 49 Ga. App. 199 [174 S. E. 647]; 4 Cal. Jur. 86.)" (*Harrell* v. *Hoagland,* 18 Cal. App. (2d) 721 [64 Pac. (2d) 953].)

It is conceded that the judgment in the Justice's Court was entered after defendant therein had obtained her discharge in bankruptcy, and that said defendant permitted said judgment to be entered and to become final and allowed the time to elapse within which to obtain relief under section 473 of the Code of Civil Procedure without bringing to the attention of the Justice's Court at any time either the discharge in bankruptcy or the pendency of the bankruptcy proceedings. Since, through her own fault, she permitted the judgment to become final it was incumbent upon the justice, on demand of the plaintiff therein, to issue the execution. The right of the petitioner herein to the writ of mandate prayed for is not open to controversy.

■ When the petitioner herein asked for a writ of review and pleaded all the proceedings had in the Justice's Court, the demurrer to that petition made the petition the return upon which the review should have been heard. The respondents' answer, setting up special defenses in the nature of laches and estoppel, pleaded matters which were all *dehors* the record which the court had up for review. It does not matter what findings the court made herein or that they were based upon "testimony offered in behalf of respondents, and certain arguments of counsel". No findings were proper because no issue of fact was before the court for determination. The sole issue before the court was whether the Justice's Court exceeded its jurisdiction in ordering the perpetual stay of execution, and that issue could be deter-

mined upon examination of the record of the Justice's Court as pleaded in the petition and admitted by the return. If that record was incorrect in any respect the proper procedure was to have filed a supplemental return so that the trial court would have before it the true record upon which to base its "review". A writ of review is not a writ of error, and it cannot take the place of an appeal. It is simply what the code states it to be—a review of the proceedings in the inferior tribunal to determine whether it "has regularly pursued the authority of such tribunal".

If any of the matters pleaded in the return presented a triable issue they could be heard only in opposition to the writ of review issued by order of Judge Wood on March 2, 1935. The only judgment or order which could be made upon the hearing on the return was one "either affirming or annulling or modifying the proceedings below". (Sec. 1075, Code Civ. Proc.)

Hence, if the judgment herein appealed from denying petitioner any relief be treated as an affirmance of the order under review, it is error because that order was beyond the jurisdiction of the Justice's Court to make. If this judgment be treated as a denial of relief to petitioner because of the special defenses raised in the answer to the petition, it is not error, but void, because beyond the jurisdiction of the trial court to make. Under either view the judgment appealed from must be reversed.

The appellant contends that the former judgment having been rendered on a question of law alone, the trial court had no jurisdiction to grant a new trial. Respondents argue that, since the demurrer to the petition accepted the petition as their return to the writ and thereby made the petition the answer "as well as evidence" *Stumpf* v. *Board of Supervisors*, 131 Cal. 364 [63 Pac. 663, 82 Am. St. Rep. 350], therefore, the order granting a new trial on the ground of insufficient evidence cannot be disturbed in the absence of a reporter's transcript of all the evidence heard. A complete answer to this argument is that the trial court was without jurisdiction to hear any evidence other than that pleaded in the petition and, hence, we have in the petition all the "evidence" upon which the trial court could legally base its judgment. This evidence shows nothing more than that the Justice's Court in excess of its jurisdiction granted a perpetual

stay of execution upon a final and existing judgment. "A new trial is a re-examination of an issue of fact in the same court after trial." (Sec. 656, Code of Civ. Proc.) But, where the issue tried was one of law alone raised by demurrer, no issue of fact is involved, hence, there is nothing to retry. (*Power* v. *Fairbanks*, 146 Cal. 611, 614 [80 Pac. 1075]; *Abbey Land etc. Co.* v. *San Mateo*, 167 Cal. 434, 436 [139 Pac. 1068, Ann. Cas. 1915C, 804, 52 L. R. A. (N. S.) 408].) For these reasons the trial court had no jurisdiction to grant a new trial.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.