**JOHN NEWTON, Administrator of the Estate of DANIEL KINGZETT, Plaintiff**

**v.**

**JACK TALEKA, Defendant**

High Court of American Samoa
Trial Division

CA No. 119-95

July 3, 1996

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, William H. Reardon

Order Granting Motion for Default Judgment and Awarding Punitive Damages:

Plaintiff John Newton ("Newton"), as the administrator of the estate of Daniel Kingzett ("Kingzett" as an individual), brought this action for damages against defendant Jack Taleka ("Taleka") following Taleka's conviction of murder in the second degree for killing Kingzett.

Taleka is serving concurrent sentences of imprisonment of 23 years on the homicide conviction and lesser terms of imprisonment on five other convictions of related offenses at the American Samoa Government's correctional facility. After he was served with process in this action, he failed to answer or otherwise legally appear, and the clerk of courts entered his default. The court heard the motion for a default judgment on May 10, 1996, Taleka having been timely served with the notice of the hearing.

At the hearing, Newton advised the court that he was seeking punitive damages only and submitted the motion on his pleadings for the court's decision. The court took the motion under advisement.

## DISCUSSION

A right of action for personal injuries did not survive either the tortfeasor's or injured person's death at common law, and thus a civil action was not recognized in wrongful death situations. In 1846, Lord Campbell's

Act changed this status of the law, and all American jurisdictions now permit such actions. B.E. WITKIN, 6 SUMMARY OF CALIFORNIA LAW, *Torts* § 1196 at 632 (9th ed. 1988).

American Samoa is no exception. A.S.C.A. §§ 43.5001 & 43.5002; *Fa`avae v. American Samoa Power Authority*, 5 A.S.R.2d 53, 58 (Trial Div. 1987). Pertinent to this action, A.S.C.A. § 43.5002 provides:

> An action or cause of action . . . shall not abate by death . . . of a party . . . but shall in all cases, where a cause of action . . . arose in favor of such party prior to his death . . . survive, and be maintained by his representatives . . . and in case such action has not been begun . . . the action may be begun . . . in the name of his representatives . . . .

■ Award of punitive damages for wrongful death is a statutory creature. *See Doak v. Superior Court*, 65 Cal. Rptr. 193, 199-201 (1968). American Samoa has not enacted any statute authorizing punitive damages arising out of a homicide causing instant death, unlike California, for example. *See* Cal. Civil Code § 3294(d). Thus, we must find that Kingzett survived for some duration to give rise to a cause of action. *Fa`avae*, 5 A.S.R.2d at 58.

■ The death certificate states that Kingzett was dead on arrival at the LBJ Tropical Medical Center. It also shows that the death was caused by "hypovolemic shock" and "profuse bleeding" from "multiple traumatic wounds." Taking judicial notice of Taleka's criminal prosecution, Kingzett was initially immobilized by a stab wound to the head. *ASG v. Taleka*, CR No. 15-94 (Trial Div. 1994). We find from these facts that while Kingzett died only moments after he was attacked, he was not instantly killed, and a cause of action for pain and suffering damages from his personal injuries did accrue before his death.

■ Punitive damages are normally awarded only when the injured person sustains actual damages. *See Letuli v. Lei*, 22 A.S.R.2d 77, 85-86 (Trial Div. 1992), aff'd. *Lei v. Letuli*, AP No. 20-92, slip op. (App. Div. Nov 15, 1993) (modified on other grounds). Newton has waived any award of actual damages. However, Taleka attacked and killed Kingzett, and the fact of actual harm, not the monetary award, is controlling. *See Esparza v. Specht*, 127 Cal. Rptr. 493, 495-96 (Cal. 1976).

■ Punitive damages are appropriate when a person suffers actual injury as a result of another person's malicious conduct. *Letuli*, 22 A.S.R.2d at 86;

*Scott v. Donald*, 165 U.S. 58, 88-90 (1897); *Nappe v. Anschelewitz, Barr, Aseu, & Bonello*, 447 A.2d 1224, 1230-32 (N.J. 1984); *Feld v. Merriam*, 485 A.2d 742, 747-48 (Pa. 1984). "Malice" includes conduct which is intended to cause injury; or which is despicable by nature, that is, blatantly vile or loathsome to ordinary decent people, and carried on with willful and conscious disregard for the rights or safety of others. *See Cal. Jury Inst., Civil*, BAJI 14.71 & 14.72.1 (8th ed. 1994). Taleka acted maliciously when he struck Kingzett in the head with a blunt object and repeatedly stabbed Kingzett with a knife, resulting in Taleka's homicide conviction.

▉ Punitive damages are not easily quantified in wrongful death actions. Life is precious and not readily susceptible of monetary evaluation. Kingzett unquestionably suffered a painful death, however brief his pain may have been endured. However, punitive damages are principally awarded for the sake of example and by way of punishment. *Letuli*, 22 A.S.R.2d at 86. Viewed from this perspective when a defendant has already been criminally prosecuted and sentenced, punitive damages are not unreasonable double punishment. *See Roshak v. Leathers*, 560 P.2d 275, 861-865 (Or. 1977) (also published, with annotation, at 98 A.L.R.3d 858). Still, criminal punishment may be properly considered in mitigation of punitive damages. *See Brownand v. Scott Lumber Co.*, 269 P.2d 891 (Cal. 1954).

### ORDER

1.  Newton is granted a default judgment against Taleka.

2.  Taking into account the factors discussed above, we award $50,000 in punitive damages against Taleka.

3.  This award is the property of Kingzett's estate and shall be distributed under the law applicable to the pending probate proceedings, *Estate of Kingzett*, PR No. 28-95.

Judgment shall enter accordingly. It is so ordered.