ALFRED NELSON v. HENRY HALVORSON and Another.[1]

April 19, 1912.

Nos. 17,497—(66).

**Punitive damages — case followed.**
    McCarthy v. Niskern, 22 Minn. 90, followed, to the effect that in an action

[1] Reported in 135 N. W. 818.

---

[Note]   Liability of officer for making an arrest, see note in 51 L.R.A. 193.

for a tort, where it may be proper to award punitive damages, evidence of a defendant's financial standing is admissible.

**False imprisonment — arrest by officer.**

In an action for false imprisonment against a constable, a defense may be made out if the officer proves that he had probable ground for believing the person arrested guilty of a felony, although when he made the arrest he mistakenly believed he had a warrant therefor.

**Punitive damages — different penalties.**

When two or more persons are made defendants in an action for tort, and the evidence is such that the jury may be justified in assessing punitive damages against one and not against the others, or if such damages may be assessed against all, still there is such difference in their financial ability or in the malice which actuated them that the jury may properly fix different penalties, it is error to instruct that the verdict against all must be in the same amount.

**Evidence.**

The erroneous instruction *held* not prejudicial to one of the defendants in this case. Also, *held,* that the offer by such defendant to prove justification was incomplete, and that he could not have been prejudiced by the refusal of an offer to show certain facts in mitigation of damages.

Action in the district court for Lac qui Parle county to recover $5,000 for false imprisonment. The case was tried before Qvale, J., and a jury which returned a verdict in favor of plaintiff for $500. From an order denying their motion for a new trial, defendants Ness and Halvorson took separate appeals. Reversed as to Halvorson. Affirmed as to Ness.

*A. W. Ewing* and *H. O. Halvorson,* for appellants.

*J. H. Driscoll,* for respondent.

HOLT, J.

Plaintiff sued Henry Halvorson, a constable, and Louis Ness, a merchant, of Dawson, Minnesota, for false imprisonment, and recovered a verdict against both defendants for $500. Each defendant appeals from an order denying their separate motions for a new trial.

The complaint is the usual one for false imprisonment. The de-

fendants answered separately, and admitted the arrest without warrant.

Halvorson alleged that he had reasonable grounds to believe that plaintiff had committed a felony, stating these, and also that he acted under a supposed warrant, but that as soon as he ascertained the invalidity thereof, and the unwillingness of the owners of the money alleged to have been embezzled by plaintiff to make a complaint against him, plaintiff was released.

The defendant Ness alleged that he acted on the advice of counsel, and, ignorant of legal proceedings, believed that an unsigned writ of attachment made out by his attorney authorized plaintiff's detention, and he also alleged facts showing the commission of a felony by plaintiff, namely, that one Logeland, Ness, and his brother were owners of some potatoes, which plaintiff, prior to December 6, 1910, had, as their servant, sold and collected the money for; that plaintiff, after collecting the money, had unlawfully converted $68 thereof to his own use with intent to deprive the owners of the same, and had refused to pay it over after demand.

The evidence developed that in the forenoon of the day mentioned a dispute arose between plaintiff and the owners of the potatoes as to the proceeds, and, the defendant Ness and Logeland having determined that plaintiff ought to be arrested, Ness went to his attorney, one Christianson, to cause the required documents to be made out, and Logeland sought the constable, Halvorson, and told him of the potato deal, and that plaintiff had embezzled the money and was about to leave the town, and requested the officer to be at the depot ready to apprehend plaintiff as soon as Ness could procure the warrant for the arrest from Christianson. No warrant was obtained. Instead, Christianson made out a writ of attachment for a justice to issue. Ness, not having time to get the justice to sign it, as the train had in the meantime arrived and was about to leave with plaintiff on board, rushed up to Halvorson with the blank writ and told him to get plaintiff. Halvorson took the paper, believing it to be a warrant, ran for the train, and made the arrest. After plaintiff got off the train, all went to the attorney's office. There, the con-

117 M.—17.

stable claims, as soon as he discovered that the paper was not a warrant, plaintiff was informed that he was not under arrest. Plaintiff claims that, although he was not put under restraint, he was told that he could go with Logeland, if he would vouch for him to remain in Dawson till the next day. He also states that the attorney threatened to get a search warrant for his person, and he told them that it was not necessary, that he would submit to a search without, and that thereupon Ness told him to empty his pockets, which he did, and Ness examined his pocketbook, but returned it intact.

The errors assigned relate to the reception of evidence as to the financial standing of defendant Halvorson; the exclusion of evidence to prove that plaintiff had committed a felony; the court's ruling that there was no justification for the arrest on the part of the officer, even if he had probable cause to believe that plaintiff was guilty; the court's instruction to the jury that, in case they found that punitive damages should be assessed against Ness, a verdict must be rendered against the constable for a like amount; and, finally, that the verdict is excessive.

In a case where a jury may assess damages by way of punishment, a defendant's financial condition is proper for consideration, and consequently evidence showing such condition is admissible. McCarthy v. Niskern, 22 Minn. 90. If the jury believed that Halvorson, in making the arrest, did not act in good faith, or that, after he ascertained that he had no warrant, he took part in restraining plaintiff of his liberty, by placing him in the custody of Logeland, and aided in the so-called search, then the infliction of punishment by increased damages might properly rest in their discretion.

It is insisted that as to both defendants the court erred in excluding the offer to show that plaintiff had embezzled funds of his employers. A private person, when sued for false imprisonment, may plead and prove in justification that the party arrested had committed a felony; but a peace officer making the arrest, when so sued, need plead and prove no more in justification than reasonable ground for believing that the person arrested was guilty of a felony. Sections 5229 and 5232, R. L. 1905.

In Cochran v. Toher, 14 Minn. 293 (385), peace officers made

arrest without a warrant, and the court says: "The inquiry in this case is not as to whether a felony was actually committed in Illinois, and that the plaintiff actually committed it and escaped from the jail in that state, but whether the defendants had reasonable ground to believe that such were facts." In McCarthy v. De Armit, 99 Pa. St. 63, the court says: "A peace officer, who arrests one upon reasonable suspicion of felony, will be excused, even though it appears afterwards that in fact no felony had been committed." Diers v. Mallon, 46 Neb. 121, 64 N. W. 722, 50 Am. St. 598, and see note in Leger v. Warren, 51 L.R.A. 193.

Although Halvorson testified that he relied on the paper handed him by Ness being a warrant, and would not have made the arrest but for that, his caution in not acting till he thought he had legal authority should not preclude him from making the defense of reasonable cause for the arrest on a charge of felony, if in fact it be true. If the officer had reasonable and probable cause for believing that plaintiff, when arrested, had committed a felony, and he released plaintiff as soon as he ascertained that it was not true, he was not liable to plaintiff, even in nominal damages, and the court was in error when he limited the evidence of the officer's reasonable ground of belief in plaintiff's guilt of a felony to mitigation of damages. If true, it was a complete justification and defense.

The court also erred in instructing the jury that the verdict against the defendants must be in the same amount as to damages. It is true that, where two or more join in committing a tort they are equally liable. The actual damages from an unlawful act may not be mitigated, strictly speaking, by showing absence of actual malice. But the rule as to punitive damages is that good faith and a proper purpose shown either lessens or avoids them. From the evidence the jury might have found that the constable made the arrest in good faith, supposing he had a warrant, but immediately released plaintiff upon discovering that the document he acted under was not a warrant. If so, the jury would not be justified in assessing punitive damages against the officer, even if they found that he had not probable ground for believing plaintiff guilty of a felony, while at

the same time the jury might find from the evidence that Ness knowingly made use of pretended process to force plaintiff to settle a disputed claim, and that he and his attorney pursued this purpose, after the officer ceased to act, thus warranting the jury in assessing substantial punitive damages against Ness.

The difference in financial condition of the two defendants would alone justify the jury in imposing different amounts as punishment upon them, in case the conclusion was reached that both ought to be penalized. · Ness admitted he was worth not less than $7,000, while the value of the officer's possessions, above debts, was less than one-third of that sum. The practice of rendering verdicts against the several defendants in an action in different amounts, where their participation in the wrong sought to be redressed has not been the same in kind or motive, is not unknown in this state. Rauma v. Lamont, 82 Minn. 477, 85 N. W. 236.

The errors pointed out necessarily lead to a reversal of the order on the appeal of defendant Halvorson.

But we are of opinion that as to defendant Ness no prejudice could have resulted from the erroneous instruction that the verdict must be the same against both, because in no view of the case can it be conceived that the jury would be inclined to look upon Halvorson as the more culpable. The inference is irresistible that the instruction could have no other effect than a tendency to help Ness. It is true that the answer of Ness properly pleaded justification; but, when counsel offered to prove that plaintiff had committed the felony pleaded as excuse for the arrest, he failed to offer to prove one essential element, namely, that plaintiff had refused, after demand, to turn over the money he, as servant or agent, had collected upon the sale of the potatoes. It is a close question whether or not · the court rightly excluded the evidence offered by Ness in mitigation of damages, to the effect that he misunderstood the advice of his attorney, and believed the blank writ of attachment gave a right to arrest plaintiff. Where punitive damages are involved, the court should admit all evidence which bears on the absence of actual malice as well as on its presence. And in this case it would have been

well to have admitted the version of both parties concerning the facts out of which the arrest arose.

But Ness is not in a position to urge with much force that the ruling challenged was prejudicial. He was a business man. He sought his attorney's advice. He could hardly make it appear that the attorney counseled the arrest of plaintiff, because he knew the attorney made out an unsigned writ of attachment. He gave this paper to the officer, knowing it to be unsigned, saying it was a warrant, and demanding plaintiff's seizure. He went to his attorney's office with the constable. The justice was there; but no attempt was then made to swear out a criminal complaint, or to take any other legal proceeding to prosecute plaintiff for a crime. In short, the undisputed facts, viewed most favorably to Ness, show that he did not act in good faith in causing the arrest. Hence we conclude there was no prejudical error made by the court in excluding the evidence offered.

The damages are said to be excessive. They are liberal. However, the trial court approved the amount, and we are not able to say it is so large that passion and prejudice influenced the jury.

Upon the appeal of the defendant Henry Halvorson, the order is reversed, and a new trial granted; and upon the appeal of the defendant Louis Ness, the order is affirmed.