[L. A. No. 9391. Department Two.—October 24, 1928.]

A. S. THOMSON, Respondent, v. MIKE CATALINA et al., Appellants.

Julius V. Patrosso and C. C. Mishler for Appellants.

Clyde C. Triplett for Respondent.

RICHARDS, J.—This action for malicious prosecution was instituted by the plaintiff and respondent against the defendants who are the appellants herein, and certain other persons as to whom the action was subsequently, on motion of the plaintiff, dismissed. The plaintiff in his complaint alleged that the defendants entered into a conspiracy to wrongly and falsely charge the plaintiff with the crime of petit larceny in the recorder's court of the city of Watts, and that in pursuance of this conspiracy and on May 14, 1924, Mike Catalina, one of said defendants, at the instance and instigation of the others of said defendants, filed a complaint in said court charging the plaintiff with said crime and caused his arrest and prosecution therefor; that said cause was transferred for trial to the justice's court of San Fernando township, and that upon the trial of said cause before the latter tribunal the plaintiff was acquitted of said crime. He thereupon commenced this action, alleging his right to the recovery of both compensatory and punitive damages. The answers of these several defendants put in issue the averments of the complaint and upon a trial thereof before a jury three separate verdicts in favor of the plaintiff were returned; one against the appellant Mike Catalina in the sum of $300 compensatory damages and $200 exemplary damages; one against the appellant L. A. Edwards in the sum of $300 compensatory damages and $500 exemplary damages, and one against appellant Oscar E. Winburn in the sum of $300 compensatory damages and $1,000 exemplary damages. Upon these three several verdicts several judgments were entered in favor of the plaintiff and against the respective appellants in the amounts named therein. A motion for new trial having been made by each of said appellants, and denied, they

each took and are here prosecuting separate appeals, which by stipulation of the parties have been presented in a single transcript and also upon a single set of briefs.

The first and in fact the main contention which the appellants urge upon each of these appeals is that each of these judgments must be reversed for the reason that the jury, while awarding the same amount of compensatory damages against each of said appellants, have made an award of different amounts as exemplary damages against each, and that in an action for malicious prosecution against joint tort-feasors the damages, whether compensatory or exemplary, cannot be thus apportioned. In making this contention the appellants place their main reliance upon two cases decided by this court. The first of these was the case of *McCool* v. *Mahoney*, 54 Cal. 491. That was an action for malicious prosecution against two defendants, wherein the jury awarded a verdict in damages against one of the defendants in the sum of $300 and against the other in the sum of $500. The judgment rendered upon such verdict was reversed by this court, which held that in an action for malicious prosecution against several joint tort-feasors the damages could not be thus severed. An examination of the record in that case, however, shows that the sole damages sought to be recovered were compensatory damages. There can be no doubt as to the correctness of the rule thus laid down with reference to such damages. The question of the right of the jury to make such severance in an award of exemplary damages when sought was not presented in that case. The other case upon which the appellants rely is the case of *Davis* v. *Hearst*, 160 Cal. 143 [116 Pac. 530]. That was an action for libel brought against several defendants, wherein both compensatory and exemplary damages were sought. The court instructed the jury that it was entitled to render a verdict for compensatory damages against all of the joint tort-feasors in said action, but that as to exemplary damages it would be justified in rendering a verdict therefor only against such of the defendants as they might find to have been actuated by actual malice in the publication of the libel complained of. It was contended upon appeal that such instruction was erroneous, but this court, while reversing the case upon other grounds, held that a proper rule of law was declared

in said instruction. In its decision, however, this court, speaking through Mr. Justice Henshaw, used the following language: "In an action for compensatory damages against joint tort-feasors—the action contemplated by section 3333 of the Civil Code—the law will not permit an apportionment of the damages, since it will not attempt to measure the degree of culpability of the joint tort-feasors; nor in an action for malicious prosecution, where the existence of malice in fact must be found against every tort-feasor before any judgment can be rendered against him, will the law, for the same reason, admit or permit an apportionment of damages." It is the contention of the appellants that in the reference above made to actions for malicious prosecution this court has declared it to be the rule that neither compensatory nor exemplary damages may be apportioned. It is to be noted, however, that in the use of the language above quoted the court was dealing with an action for libel and not an action for malicious prosecution, and hence that its reference to the damages recovered in the latter form of action is purely *obiter*. It is to be further noted that in the language above quoted the court appears to have been dealing solely with the question of compensatory damages, and that it was not the intention of the court to lay down in a case not before it the rule that exemplary damages may not be apportioned against the joint tort-feasors in an action for malicious prosecution, and that, on the other hand, if the writer of that opinion did intend to declare the rule that exemplary damages may not be apportioned as against several joint tort-feasors in an action for malicious prosecution, such a rule would not be supported either by reason or authority. It is true that in actions for malicious prosecution the existence of malice in fact must be proven against each of the joint tort-feasors in order to justify an award of either compensatory or exemplary damages. But since exemplary damages are, under the terms of section 3294 of the Civil Code, to be awarded in addition to the actual damages and as damages "for the sake of example and by way of punishing the defendant," it would seem to be a rule of reason that where the defendants, though joint tort-feasors, in an action for malicious prosecution, as well as in other actions, have been guilty of different degrees of oppression,

fraud or malice so as to justify a verdict or verdicts for exemplary damages under the above-quoted section of the code, and where such damages under said section are to be awarded "for the sake of example and by way of punishing" each particular defendant according to the measure of his offending, juries should be allowed so to admeasure and apportion such exemplary damages as to make the example as well as the punishment fit the offense. This very case furnishes a most apt example of the justice of such a rule, since the evidence sufficiently showed that the defendant Mike Catalina was merely the tool of his co-defendants Winburn and Edwards, the first of whom was the judge of the recorder's court and who instigated the prosecution of the plaintiff in his said court, while the latter was the city marshal of the city of Watts, who actively promoted said prosecution and sought to have the same returned to and tried before his co-conspirator in said court. It was upon a showing of these facts that the trial court, upon the inquiry of the jurors, made during their consideration as to the amount of their verdict with reference to whether punitive damages could be apportioned among the several defendants, gave the following instruction: "You are instructed that it is not necessary; the punitive damages may be found in different amounts against different defendants, if you so find." The reasoning indulged in by this court in the case of *Davis* v. *Hearst, supra,* when that decision is read as a whole, fully justifies the application of this rule of reason to the several joint tort-feasors having different degrees of culpability and accordingly deserving different penalties in the way of exemplary damages in cases of this character; and while the direct question has not heretofore been decided in this state, the decisions of the courts in other jurisdictions are persuasive. In Sedgwick on Damages, 9th ed., sec. 352, the author quotes approvingly from the case of *Day* v. *Woodworth,* 13 How. (U. S.) 363 [14 L. Ed. 181, see, also, Rose's U. S. Notes], wherein it was said: "In actions of trespass, where the injury has been wanton and malicious, or gross and outrageous, courts permit juries to add to the measured compensation of the plaintiff, which he would have been entitled to recover had the injury been inflicted without design or intent, something farther by way of pun-

ishment or example, which has sometimes been called 'smart money.' This has always been left to the discretion of the jury; as the degree of punishment to be thus inflicted must depend upon the peculiar circumstances of each case." In the case of *Nelson* v. *Halvorson*, 117 Minn. 255 [Ann. Cas. 1913D, 104, 135 N. W. 818], also cited with approval by the above author, which was an action against two defendants for alleged false imprisonment wherein the question directly arose, the court held that a verdict in different amounts as to punitive damages against each of the defendants, depending upon their degree of culpability, should be upheld, the court saying: "The practice of rendering verdicts against the several defendants in an action in different amounts, where their participation in the wrong sought to be redressed has not been the same in kind and motive, is not unknown in this state." In the case of *Mauk* v. *Brundage*, 68 Ohio St. 89 [62 L. R. A. 478, 482, 67 N. E. 152], it was held that a jury might properly allow a recovery in an identical amount against all of the joint tortfeasors as compensatory damages, and a further amount against some as exemplary damages, depending upon the state of the evidence. In the case of *St. Louis Southwestern Ry. Co. of Texas* v. *Thompson*, 102 Tex. 89 [19 Ann. Cas. 1250, 113 S. W. 144], which was a case wherein Thompson sued a number of defendants for damages for an alleged conspiracy resulting in the wrongful expulsion of plaintiff from a labor organization, it was held that if the jury should find that the defendants were actuated by malice in making the charges against Thompson and in wrongly procuring his expulsion, the plaintiff would be entitled, in the discretion of the jury, to recover exemplary damages against either or all of the defendants in such sum as the jury may believe should be assessed against the defendants or either of them, and that it was not necessary, as in the case of actual damages recovered, that all of the defendants should be subjected to the same verdict by way of exemplary damages.

Upon the foregoing authorities we are constrained to hold that there was no error in the instruction or in the action of the jury in relation to the making of awards for exemplary damages in different amounts in this action, depending upon what the evidence showed and the jury found to

be a differing degree of culpability among these several defendants.

■ The next contention of the appellants is that the evidence was insufficient to justify a verdict against the appellants Winburn and Edwards. We have examined the evidence in the case, and without attempting to review in detail the facts as shown by a somewhat extensive record, we are of the opinion that the evidence was sufficient to support the verdict of the jury, both as to compensatory and exemplary damages against each and all of the said defendants.

The further contentions of the appellants relate to alleged errors in the rulings of the trial court upon the admission and rejection of evidence. An examination of the several objections made in the foregoing regard, in the light of the entire record in the case, convinces us that the errors thus assigned were inconsequential, and that the evidence educed as a result of these alleged erroneous rulings of the trial court was stricken out, or, if allowed to stand, was not sufficiently prejudicial to justify a reversal.

Upon an examination of the entire record we are satisfied that no prejudicial error was committed by the trial court, and hence that each of these judgments should be and is hereby affirmed.

Langdon, J., and Shenk, J., concurred.