**WILLOUGHBY v. SINCLAIR OIL & GAS CO. et al.**

**Civ. No. 4667.**

United States District Court
W. D. Oklahoma.
March 23, 1950.

Paul W. Updegraff, Norman, Oklahoma, Joe A. Smalley, Norman, Oklahoma, for plaintiff.

Ralph W. Garrett, Robert L. Imler, I. L. Lockewitz, and Dudley C. Phillips, Tulsa, Oklahoma, Person Woodall, Norman, Oklahoma, Looney, Watts, Ross, Looney & Smith, Oklahoma City, Oklahoma, Robinson, Shipp & Robertson, Oklahoma City, Oklahoma, T. R. Benedum, Norman, Oklahoma, for defendants.

CHANDLER, District Judge.

This action was brought in a state court by the administratrix of V. E. Willoughby for his wrongful death, pain and suffering, medical expenses, funeral expenses, and for punitive damages. The plaintiff is a citizen of Oklahoma as are all defendants except Peppers Refining Company, which is a domestic corporation, and Sinclair Oil & Gas Company (hereafter called Sinclair), which is a Maine corporation.

Willoughby's death is alleged to have resulted from an explosion which occurred when he accidentally ignited propane gas which had gathered undetected around a new propane hot water heater in the basement of his home. The explosion is alleged to have been caused by the negligent failure of defendants Sinclair "and/or" Peppers Refining Company effectively to odorize propane gas sold by one or both defendants to a dealer from whom decedent purchased it. The explosion is also alleged to have been caused by the negligent failure of individual defendants, doing business as Fischer & Son Plumbing and Heating Company, to test the connections made when they installed the propane heater referred to above, said installation having been performed by them as subcontractors for other individual defendants, doing business as Barbour & Short.

Sinclair ("and/or" Peppers Refining Company) is alleged to have violated its statutory duty to odorize the propane, 52 O.S.A. §§ 438.2(g), 438.10, Fischer & Son ′to have violated its statutory duty to obtain a license before installing liquified petroleum appliances, 52 O.S.A. §§ 424, 426, and Barbour & Short to have violated its duty not to permit its subcontractors to make such an installation unless properly licensed. Plaintiff "prays judgment against the defendants and each of them" for total compensatory damages of $165,960.80, and requests punitive damages separately from each defendant in the amount of $25,000.

The question to be decided by this Court is whether a "separate and independent claim or cause of action" is stated against Sinclair. If so, Sinclair is entitled to remove the case from the state court, the other requirements of 28 U.S.C.A. § 1441

996

(c) being met. If not, the case must be remanded.

■ Although there is no express allegation of "concurrent" negligence as such in the plaintiff's petition, the facts alleged clearly indicate that the negligence was concurrent in the sense that the tortious act or omission of each defendant was a substantial factor contributing to the ultimate injury. See, Restatement, Torts, Sec. 879, et seq. Such acts or omissions were also concurrent causes in the sense of being "causes acting contemporaneously and which together cause the injury, which injury would not have resulted in the absence of either." City of Okmulgee v. Hemphill, 1938, 183 Okl. 450, 83 P.2d 189; All American Bus Lines v. Saxon, 1946, 197 Okl. 395, 172 P.2d 424; Oklahoma Gas & Electric Co. v. Butler, 1942, 190 Okl. 393, 124 P.2d 397. The failure of the plaintiff to use the word "concurrent" is not decisive if the allegations of fact convey the same meaning. Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 1949, 174 F.2d 788; Butler Mfg. Co. v. Wallace & Tiernan Sales Corp., D.C.W.D. Mo.1949, 82 F.Supp. 635.

■ It is clear that where there are concurring causes of a single injury the injured party may pursue his cause of action jointly or severally against the various tortfeasors. Padgett v. Chicago, R. I. & P. Ry. Co., 10 Cir., 1931, 54 F.2d 576; All American Bus Lines v. Saxon, 1946, 197 Okl. 395, 172 P.2d 424. Whichever course the injured party chooses, he has but one cause of action, and may obtain but one satisfaction. Cain v. Quannah Light & Ice Co., 1928, 131 Okl. 25, 267 P. 641. See also, Sykes v. Wright, 1949, Okl.Sup., 205 P.2d 1156.

■ Under the provisions of the old judicial code it was generally held that an action against joint tortfeasors did not present a "separable controversy." Padgett v. Chicago, R. I. & P. Ry. Co., supra; Adams v. Tolerton, D.C.N.D. Okl.1927, 22 F.2d 863. A fortiori, such an action does not present a "separate and independent claim or cause of action" as required by the new judicial code. 28 U.S.C.A. § 1441(c).

Butler Mfg. Co. v. Wallace & Tiernan Sales Corp., supra; accord, Bentley v. Halliburton Oil Well Cementing Co., supra; Billups v. American Surety Co., D.C. Kan. 1950, 87 F.Supp. 894. The modification of the code was intended to "decrease the volume of Federal litigation," not to increase it. See, Reviser's Notes, 28 U.S.C.A. § 1441(c).

■ It is of no avail to Sinclair to contend that some of the defendants were not negligent or, if negligent, were not the cause of the injury for here we are determining Federal jurisdiction from the allegations in the petition and for that purpose the possible existence of separate defenses is immaterial. Cf., Louisville and Nashville R. v. Wangelin, 1890, 132 U.S. 599, 10 S.Ct. 203, 33 L.Ed. 473. See also, Pullman Co. v. Jenkins, 1939, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334.

■ The separate allegations and prayers for punitive damages do not constitute separate causes of action. Alexander v. Jones, D.C.E.D. Okl.1939, 29 F.Supp. 690; Schippel v. Norton, 1888, 38 Kan. 567, 16 P. 804. In many jurisdictions an injured party can obtain joint compensatory damages and separate punitive damages against joint tortfeasors in a single lawsuit. Thomson v. Catalina, 1928, 205 Cal. 402, 271 P. 198, 62 A.L.R. 235; Davis v. Hearst, 1911, 160 Cal. 143, 116 P. 530; Louisville & N. R. Co. v. Roth, 1908, 130 Ky. 759, 114 S.W. 264; Nelson v. Halvorson, 1912, 117 Minn. 255, 135 N.W. 818, Ann.Cas. 1913D, 104; Bowman v. Lewis, 1940, 110 Mont. 435, 102 P.2d 1; Edquest v. Tripp & Dragstedt Co., 1933, 93 Mont. 446, 19 P.2d 637; McCurdy v. Hughes, 1933, 63 N.D. 435, 248 N.W. 512, 87 A.L.R. 683; Mauk v. Brundage, 1903, 68 Ohio St. 89, 67 N.E. 152, 62 L.R.A. 477. Even assuming, however, that these are *separate* causes of action for punitive damages, they are certainly not *independent* causes of action for it is well settled in this state that punitive damages cannot be recovered unless there is also a recovery of actual damages. Alexander v. Jones, supra; Brown v. Higby, 1942, 191 Okl. 173, 127 P.2d 195; Western Union Telegraph v. Garrett, 1916, 59 Okl. 50, 158 P. 619, 620; Lilly v. St. Louis &

S. F. Ry. Co., 1912, 31 Okl. 521, 122 P. 502, 39 L.R.A.,N.S., 663.

No cause of action is stated against Sinclair which is separate from and independent of those stated against the resident individual defendants. It is unnecessary, therefore, to determine whether the action against Sinclair is separate from and independent of that stated against Peppers Refining Company or whether Peppers Refining Company has been fraudulently joined.

The motion to remand is sustained.