**FORD MOTOR CREDIT COMPANY,**
Plaintiff,

v.

**Alfred L. HILL, Roy Hill Mercury, Inc., Anne Ray Cox, Administratrix of the Estate of Lester F. Cox, deceased, and Bank of Independence, Defendants.**

No. 15140–1.

United States District Court
W. D. Missouri, W. D.

Sept. 21, 1965.

Kuraner, Oberlander, Lamkin, Dingman & O'Laughlin, Kansas City, Mo., for plaintiff.

Williams, Norton & Pollard, North Kansas City, Mo., Rogers, Field & Gentry, Kansas City, Mo., for defendants.

JOHN W. OLIVER, District Judge.

Pursuant to paragraph (b) of the Pre-Trial Order regulating further proceedings dated April 15, 1965, the parties have briefed the questions of whether (1) pu-

nitive damages may be recovered by the plaintiff under the pleadings or under the facts expected to be developed by the evidence; and (2) whether, if so, punitive damages may be recovered against the personal representative of Lester Cox.

On June 15, 1965, defendant Bank of Independence filed a formal motion to strike paragraph 12 and the prayer of plaintiff's complaint, both of which relate to punitive damages, on the theory that plaintiff admitted in its memorandum brief that it may not recover punitive damages against the Estate of Lester Cox.[1]

Defendant bank's principal argument is based on the theory that because "there can not be any apportionment of damages between joint tortfeasors in Missouri, plaintiff cannot recover punitive damages from this defendant."

■ Our disposition of the questions presented turns on whether defendant bank's argument that the rule of decision prohibiting apportionment of compensatory damages should be applicable to punitive damages is tenable. We shall hold that it is not.

All parties concede that there are no Missouri cases directly in point. The admitted split in the authorities other than Missouri is stated in Section 294 of Damages, 15 American Jurisprudence 736, as follows:

> In some jurisdictions the jury, in an action against joint tort-feasors, may make awards for exemplary damages in different amounts, depending upon what the evidence shows and the jury find to be the differing degree of culpability among the several defendants, and may award such damages against one or more of them and not against others. In other jurisdictions, however, it is held that there cannot be an apportionment of exemplary damages as between joint tort-feasors. Under the latter rule, where several defendants are sued jointly, exemplary damages are not recoverable against any of them unless all are liable therefor.

Plaintiff contends that Missouri would apply the rule stated in the first sentence of the quotation; defendant bank contends that Missouri would follow the rule stated in the second sentence.

The cases from the conflicting jurisdictions are collected in the annotation in 62 A.L.R. 239 entitled "Apportionment of punitive or exemplary damages as between defendants adjudged liable in action against joint tort feasors". Generally speaking, the cases upon which defendant bank relies, such as Gill v. Selling (1928), 125 Or. 587, 267 P. 812, 58 A.L.R. 1556, are cited in that annotation.

■ Defendant bank also attempts to buttress its basic argument by directing our attention to the rule of decision accepted by Missouri that prohibits the introduction of evidence of wealth of any defendant when two or more defendants are joined in an action in which punitive damages are allowable. Defendant bank argues that such cases rule "an analogous question" and that Missouri would not only refuse to admit evidence of the wealth of the respective defendants; it indeed would hold that none of the defendants could be held liable for punitive damages unless all could be held liable.

The precise question of whether Missouri would apply its admitted rule against apportionment of compensatory damages to actions for punitive damages depends upon our judgment of whether Missouri would accept the idea that the death of one defendant in a punitive damage case is to afford a vaccination against liability for punitive damages for all the surviving defendants.

---

1. Virtually every court that has had the question presented to it has held that punitive damages can not be recovered against the estate of a deceased wrongdoer. See 65 A.L.R. 1049 and cases there collected.

We do not believe Missouri will ever announce such a rule of substantive law. Nor do we believe its rule concerning the inadmissibility of the wealth of a single defendant in a case involving multiple defendants who may be held liable for punitive damages suggests or supports anything to the contrary.

■ Section 13 of Damages, 15 American Jurisprudence, 402 recognizes the fundamental principle that in an action for compensatory damages a defendant may not be held liable for more than the actual loss. That principle of course, is not applicable to cases where punitive damages may be recovered.

Neal v. Curtis & Co. Mfg. Co. (1931), 328 Mo. 389, 41 S.W.2d 543, at 557, makes reference to the fundamental principle underlying compensatory damages and parenthetically excepts exemplary damages from its application. The citation by Neal of Gill v. Selling, the Oregon case above cited, is without significance (a) because that case was not cited by the Supreme Court of Missouri on the question presented by this case; and (b) because the Missouri Supreme Court also cited and quoted from a California case, Marriott v. Williams, 152 Cal. 705, 93 P. 875, a jurisdiction, as we will note later, that has passed on the specific question presented by this case in a manner opposed to defendant bank's basic argument.

■ The theory of exemplary damages is that of punishment and deterrence; factors disassociated from any idea of recovery of actual loss. Numerous Missouri cases so hold. See, for example, Polk v. Missouri-Kansas-Texas R. Co. (1943), 351 Mo. 865, 174 S.W.2d 176 at 180, and cases there cited.

Rule 71.06 of the Missouri Rules of Civil Procedure, V.A.M.R., recognizes that punitive damages are to be treated separately from compensatory damages. That rule requires that a Missouri jury separately state the exemplary or punitive damages it may allow.

■ The Federal Rules of Civil Procedure do not require that we ignore this procedural requirement of the Missouri law that reflects its general substantive law that compensatory and punitive damages involve fundamentally different considerations of policy.

Rule 49 of the Federal Rules of Civil Procedure provides sufficient flexibility that would permit us, assuming a proper evidentiary showing, to submit special punitive damage verdicts to the jury in regard to all defendants other than the Estate of Lester Cox.

It is thus apparent that there is no procedural impediment that would prevent us from both giving recognition to Missouri's basic policy permitting punitive damages in particular cases and also giving effect to its rule of decision that the Estate of Lester Cox shall not be held liable for punitive damages.

It is our judgment that the courts of Missouri would submit the case as we have indicated and that, in regard to the substantive law, they would follow such cases as Thomson v. Catalina (1928), 205 Cal. 402, 271 P. 198, 62 A.L.R. 235.

The California case recognized the general rule against apportionment of compensatory damages that admittedly is the law of Missouri. But that case held that a jury should be permitted to make severance in its awards of separate verdicts for punitive damages against all multiple defendants who may, under the substantive law and the evidence adduced in a particular case, be liable for such damages.

■ Accordingly, defendants' motion should be and is hereby denied. Counsel are advised that, dependent upon the evidence adduced, the question of punitive damages will be submitted against all defendants except the Estate of Lester Cox under separate forms of special verdicts in regard to each defendant other than the Estate of Lester Cox.

It is so ordered.