STATE of Missouri ex rel. Keith HALL and
David L. Riley, d/b/a Hall & Riley Quar-
ries and Construction Company, Relators,

v.

Honorable Phil H. COOK, Judge of the
Circuit Court of Saline County,
Missouri, Respondent.

No. 51598.

Supreme Court of Missouri,
En Banc.

March 14, 1966.

Rogers, Field & Gentry, Charles W. Bak-
er, Kansas City, Howard F. Major, Co-
lumbia, Williams, Williams & Reesman,
Boonville, for relators.

Conway & Blanck, James E. Conway,
Boonville, for respondent.

HYDE, Judge.

Original proceeding in prohibition to pre-
vent the respondent Judge from requiring
relators to answer certain interrogatories.
Relators are partners in the operation of a
limestone quarry and were sued by August
and Bernadine Wassman (hereinafter called
plaintiffs) for $40,000.00 actual damages
and $50,000.00 punitive damages, alleging
injuries to their property and personal dam-
ages and discomfort from the operation
of relators' quarry.

The issue raised by relators is whether respondent Judge exceeded his jurisdiction in requiring relators to answer the following interrogatories propounded by plaintiffs:

"22. Please attach copies of the income tax return filed for Hall and Riley Partnership, Form 1065, as filed with the Internal Revenue Service for the year 1959 and for each year thereafter with all schedules and balance sheets as required by the Federal Government.

"23. Please attach a current personal balance sheet showing your assets and liabilities in total."

■ Respondent's brief says: "[B]oth items are a proper point of inquiry in the case wherein punitive damages are sought." Relators rely on the rule thus stated in Thomas v. Durham Motors, Inc., Mo.App., 389 S.W.2d 412, 414: "It is the general rule that in a suit involving exemplary damages against one person or one corporation the defendant's worth or financial condition is competent and relevant. However, many jurisdictions, including Missouri, follow the rule that where a number of defendants are sued jointly, their wealth, either individually or collectively can not be shown for the purpose of punitive damages," citing our rulings in Wolfersberger v. Miller, 327 Mo. 1150, 39 S.W.2d 758, and Dawes v. Starrett, 336 Mo. 897, 82 S.W.2d 43. This rule was stated in Washington Gaslight Co. v. Lansden, 172 U.S. 534, 19 S.Ct. 296, 303, 43 L.Ed. 543, quoted in the Dawes case, 82 S.W.2d l.c. 60, as follows: "As the verdict must be for one sum against all defendants who are guilty, it seems to be plain that, when a plaintiff voluntarily joins several parties as defendants, he must be held to thereby waive any right to recover punitive damages against all, founded upon evidence of the ability of one of the several defendants to pay them. This rule does not prevent the recovery of punitive damages in all cases where several defendants are joined. * * * But we have no doubt it prevents evidence regarding the wealth of one of the defendants as a foundation for computing or determining the amount of such damages against all." (19 S.Ct. l.c. 303.) Subsequent Missouri cases have followed this rule; and it is said to be the majority rule in an annotation in 63 A.L.R. 1405. In Burton v. Auffenberg, Mo.App., 357 S.W.2d 218, 223, the St. Louis Court of Appeals found submission of plaintiff's claim for punitive damages authorized against five partners but held that the rule of Dawes v. Starrett applied and prevented showing the financial interests of one of them. However, in our cases it had not been considered that in the Washington Gaslight case, there was a verdict for one sum against three defendants (compensatory and punitive lumped together) and not separate findings on compensatory and punitive damages as required by our Rule 71.06 V.A.M.R., and previously by Sec. 510.270, RSMo, V.A.M.S. Of course, under procedure requiring a single lump sum verdict against all defendants, evidence of greater wealth of one would be prejudicial error.

■ Our rule as to compensatory damages in tort actions, which is the universal rule, is: "All who are guilty of participating in the wrongdoing are jointly and severally liable for the whole damage, and the judgment must be in one amount and against all who are not discharged." Electrolytic Chlorine Co. v. Wallace & Tiernan Co., 328 Mo. 782, 41 S.W.2d 1049, 1052, 78 A.L.R. 930; see also Neal v. Curtis & Co., 328 Mo. 389, 41 S.W.2d 543, 557. The Washington Gaslight Company case (19 S.Ct. l.c. 303) applied this rule to all damages in tort cases, requiring both compensatory and punitive damages in one sum and saying: "In this case the jury was bound to give one entire sum against all the defendants found guilty and that sum would be included in the judgment against each of them. * * * While all defendants joined are liable for compensatory damages, there is no justice in allowing the recovery of punitive damages, in an action against several defendants, based upon evidence of the wealth and ability to pay such damages on the part of one of the defendants only."

Is it necessary to apply the rule of compensatory damages to punitive damages? There are variations from this rule. "In some states it is held that exemplary damages are to be assessed according to the guilt of the most innocent of several defendants, and that if any of them were acting in good faith, and so not liable for such damages, none can be awarded in the suit; while in other jurisdictions it is held proper for the jury to assess damages against all the defendants jointly according to the amount which, in the jury's judgment, the most culpable of the defendants ought to pay." However, more to the point herein: "In some jurisdictions the jury, in an action against joint tortfeasors, may make awards for exemplary damages in different amounts, depending upon what the evidence shows and the jury finds to be the differing degree of culpability among the several defendants, and may award such damages against one or more of them and not against others." 22 Am.Jur.2d 356–357, Damages, Sec. 262; see also 25 C.J.S. Damages § 126(3), p. 1170; Sedgwick on Damages, Sec. 382; Sutherland on Damages, Sec. 407; annotation on apportionment of punitive damages, 62 A.L.R. 239. The Supreme Court of California, in Thomson v. Catalina, 205 Cal. 402, 271 P. 198, 62 A.L.R. 235, following Nelson v. Halvorson, 117 Minn. 255, 135 N.W. 818; Mauk v. Brundage, 68 Ohio St. 89, 67 N.E. 152, 62 L.R.A. 477, and St. Louis Southwestern R. Co. v. Thompson, 102 Tex. 89, 113 S.W 144, held proper "the action of the jury in relation to the making of awards for exemplary damages in different amounts in this action, depending upon what the evidence showed and the jury found to be differing degrees of culpability among these several defendants." See also Louisville & N. R. Co. v. Roth, 130 Ky. 759, 114 S.W. 264; Hotel Riviera, Inc. v. Short, Nev., 396 P.2d 855; Edquest v. Tripp & Dragstedt Co., 93 Mont. 446, 19 P.2d 637, 640; Johnson v. Atlantic Coast Line R. Co., 142 S.C. 125, 140 S.E. 443; Freeman v. Sproles, 204 Va. 353, 131 S.E.2d 410, 414. In the Edquest case, it is said:

"We recognize the rule that no such apportionment exists among joint tort-feasors in so far as compensatory damages are concerned, but hold that the jury in an action against joint tort-feasors may make awards for exemplary damages in different amounts, depending upon what the evidence shows and the jury finds to be the differing degrees of culpability among the several defendants."

We find most persuasive the following statement of the Supreme Court of South Carolina in the Johnson case (140 S.E. 454): "The rule of one verdict against all the defendants found guilty will almost always cause the entire punishment to fall upon one alone. The other defendants will then be freed and discharged from liability on the judgment, thus being enabled, notwithstanding the 'example' of the verdict 'for the public good,' to wholly evade the penalty and defeat altogether the ends of justice. The policy of separate verdicts, on the other hand, requires that, in fixing the amount of punitive damages, the pecuniary conditions of the defendants should be considered. One defendant may show small means; the great wealth of another may be shown; and in each instance the amount of the verdict may be considered by the jury, fairly and justly, from the sound standpoint of assessing such amount of punitive damages as to operate as adequate punishment. The defendants are thus required to pay, each according to his own means. The enforcement of the judgment against one defendant does not relieve other defendants from their own responsibility to respond for willful tort."

 It would be within the spirit and purpose of our Civil Code of Procedure, adopted in 1943 (Laws 1943, p. 353) and our Rules of Civil Procedure, adopted in 1959, effective April 1, 1960, V.A.M.S., to hold that findings in verdicts are authorized for different amounts for punitive damages against several defendants sued in the same action, depending on differing degrees of culpability and other circumstances as shown

by the evidence. Rule 41.03 provides for construction "to secure simplicity and uniformity in civil procedure, fairness in the administration of justice, and the elimination of unjustifiable expense and delay." Our present procedure provides for multiple separate findings in the same case in many instances. See Rules 52.05, 52.07 and 52.10; Thorn v. Cross, Mo.App., 201 S.W.2d 492 (findings in different amounts for injuries to several plaintiffs in a collision of automobiles); Fair v. Thompson, 240 Mo.App. 664, 212 S.W.2d 923 (separate findings in two wrongful death actions); State ex rel. Rosen v. McLaughlin, Mo.Sup., 318 S.W.2d 181, 68 A.L.R.2d 1366 (approving consolidation of personal injury cases of four persons); see also Rule 55.08. Our previous cases have not actually ruled on this issue of several separate findings on punitive damages because apparently it has never been directly presented for decision. Both the Wolfersberger case (39 S.W.2d l.c. 765) and the Dawes case (82 S.W.2d l.c. 60) ruled on admissibility of evidence of wealth of one of several defendants when the submission as to punitive damages was to be for a verdict against all jointly for the same amount. The opinions of our Courts of Appeals involved similar circumstances. Evidence of wealth of one defendant would be improper under such a submission. We hold that where the evidence supports such a separate submission the jury should be instructed that they may find punitive damages against several defendants in different amounts; and when this is to be done evidence of the wealth of each is admissible. It is also our view that our contribution statute, Sec. 537.060, RSMo V.A.M.S., does not apply to punitive damages. See 18 Am.Jur.2d 48, Contribution, Sec. 35, as to wilful, malicious or intentional joint wrongdoers. See also Secs. 40 and 41.

█ It follows that since it is proper procedure to have separate findings fixing the amount of punitive damages against each of several defendants, the pecuniary status of each defendant may be considered.

Therefore, it is proper for respondent to require relators to answer interrogatories 22 and 23, and our provisional rule in prohibition is discharged.

All concur.