M.P. INDUSTRIES, INC., et al., Plaintiffs-Respondents,

v.

Jack AXELROD, et al., Defendants-Appellants.

No. 48260.

Missouri Court of Appeals, Eastern District, Division Four.

March 11, 1986.

Isadore Scher, Clayton, for defendants-appellants.

E. Darrell Davis, St. Charles, for plaintiffs-respondents.

SNYDER, Judge.

This appeal is from the trial court's judgment in favor of plaintiffs-respondents in an action brought by them for civil conspiracy to defraud, fraudulent conveyance, and constructive trust. Respondents are M.P. Industries, Inc., a corporation, and three of its subsidiaries, Midco Industries, Inc., Midwest Alloys, Inc. and Midwest Precision Casting's Company. The jury returned verdicts in their favor totalling $400,800 in actual damages and $2,100,000 in punitive damages and directing the establishment of a constructive trust in a certain promissory note held by appellants Carol and Jack Axelrod. The ensuing judgment is affirmed.

Respondents' petition, among other things, alleged that the defendants, Jack, Carol, Gary and David Axelrod, Vernon and Linda Rotert, and Ray and Joan Holzman, were parties in a civil conspiracy to defraud. Prior to trial respondents settled with Vernon and Linda Rotert for $17,000 in cash and real property valued at $48,000.

The evidence showed that appellant Jack Axelrod was the accounting officer and controller of the four respondent corpora-

tions from 1979 through May 4, 1982. Mr. Axelrod organized seven corporations for the purpose of diverting funds of respondents to his own use. He also used four other corporations for fund diversion purposes, as well as for the conduct of separate minimal business purposes.

It is unnecessary to name all of the corporations, but the evidence supported a finding that respondents' checks in large amounts were made out to the essentially dummy corporations, primarily Monarch Machine and Lackland Industrial Tool and Supply, and from the accounts of these corporations paid over either to other dummy corporations or directly to Jack and Carol Axelrod.

Vernon Rotert was president of respondent Midco Industries, Inc. Rotert also owned a tool shop called V & L Design but was never given authority to order Midco tool and die work from himself under the name V & L Design. Nonetheless, Rotert's V & L Design actually did work for Midco, but directed another tool and die shop to send Midco inflated bills. The other tool and die shop then remitted the sums received from Midco to J & R (Joan and Ray Holzman) Commission Sales by giving the checks to Vernon Rotert.

J & R Commission Sales acted as a clearing house for respondents' checks for Jack and Carol Axelrod and in fact invoiced Midco for tools and dies actually made in respondents' shops. J & R Commission Sales did no legitimate business with any of the respondents. It was set up by Jack Axelrod and Joan and Ray Holzman as a device for transferring funds from the respondents to Jack Axelrod, for which the Holzmans received a commission.

Jack Axelrod told James S. Reid, secretary-treasurer of all the respondent corporations, about Monarch Machine and Lackland Industrial Tool and Supply, two of the corporations used for fraudulent billing purposes and revealed the names of other dummy corporations used in the fraudulent billing of respondents. Axelrod admitted to Reid that he had destroyed all the corporate records of respondents relating to Monarch and Lackland.

There was accounting evidence given by a certified public accountant which showed the numerous corporate and bank account transactions through which the Axelrods transferred respondents' funds to themselves.

This represents an abbreviated description of respondents' voluminous evidence supporting their claim for civil conspiracy to defraud against the defendants.

Appellants' evidence consisted of the exculpatory testimony of Carol, Gary and David Axelrod and portions of the depositions of Joan and Ray Holzman.

The jury returned five verdicts, all in favor of respondents and against the various defendants for actual and punitive damages.

Jack Axelrod and Carol Axelrod filed a motion for a new trial which was denied. Gary Axelrod and David Axelrod filed a motion for a new trial which was granted. Joan Holzman filed a motion for a new trial which was granted unless respondents agreed to a remittitur within ten days.

Respondents entered a settlement agreement with Gary Axelrod and David Axelrod and dismissed the causes of action against them.

Jack and Carol Axelrod and the Dinero Corporation appealed from the trial court judgment while the case was still pending against co-defendant Joan Holzman. The appeal was dismissed as premature.

On notice and proof that respondents had dismissed their claims against Joan Holzman prior to this court's dismissal of the appeal, it recalled the mandate. Leave was then granted to appellants to file a late notice of appeal. The matter is now properly before this court for review.

At the outset, this court is called upon to rule on respondents' motion to dismiss the appeal for violations of Rules 84.04(d) and 84.04(e). Respondents correctly point out that certain of appellants' points relied on are only abstract statements of law and do not follow the requirements of Rule 84.-

04(d). Likewise, respondents are astute in their observations that appellants fail to cite authority to support several of their points relied on, in violation of Rule 84.-04(e).

Appellants were given an additional opportunity to conform their brief to the rules, but the amended brief adds little to the facially defective initial brief.

Despite these blatant rule violations, respondents' motion to dismiss the appeal is denied and this court exercises its discretion to review appellants' appeal insofar as it can ascertain from their brief what actions or rulings of the trial court are claimed to be erroneous and wherein and why the trial court erred.

Appellants brief eleven points relied on. Several of them need no extended discussion and may be denied in compliance with Rule 84.16(b).

■ Appellants assert trial court error in permitting portions of the deposition of Joan Holzman to be read into evidence at trial. She was a party and it was proper to read the deposition as an admission against interest. *White v. Burkeybile*, 386 S.W.2d 418, 422–23, 23[2–4] (Mo.1965). Rule 84.-16(b).

■ In their second point appellants claim error because the trial court refused to give an instruction relating to the apportionment of both actual and punitive damages. The allegedly refused instruction is not set out in the legal file, the transcript, or appellants' brief. Therefore, the point has not been preserved for appellate review. Nonetheless, to the extent the exact issue may be determined from the briefs, it has been examined by this court and is denied. Rule 84.16(b).

In their third point appellants allege that the trial court erred by submitting verdict forms A, B, C and D without the language required by MAI 36.19. As best this court can ascertain from the brief, appellants argue that this omission confused and misled the jury because MAI 36.19 provides the jurors with a verdict form for acknowledging previously paid damages. The point is denied.

■ Alleged errors in verdict forms are not treated as errors in instructions. Instructional deviation from MAI is presumed prejudicial, but parties complaining of deviations in verdict forms must show prejudice. *Affiliated Foods, Inc. v. Strautman*, 656 S.W.2d 753, 761[5] (Mo. App.1983).

■ No prejudice resulted from the omission of the MAI 36.19 language in the verdict forms. The jury found in Instruction No. 21 that plaintiff had received $65,-000 in damages prior to trial and wrote "$65,000" on the instruction which was signed by all twelve jurors. The jury obviously took into consideration the fact that respondents had received that portion of their damages when they settled with the Roterts. The trial court reduced the verdict awarded to respondents based on the jury's finding in Instruction No. 21. The fact that the verdict was handwritten does not diminish its worth. *Delaney v. Gibson*, 639 S.W.2d 601, 604–05 (Mo. banc 1982). The failure to include the MAI 36.19 language in the other verdict packages did not confuse or prejudice the jury and any error in its omission is harmless.

■ Appellants assert in point four that the trial court erred in not granting a mistrial based on alleged prejudicial and inflammatory comments made by respondents' counsel during closing argument. Counsel used the term "thieves" in referring to appellants. The trial court sustained appellants' objection but failed to grant their motion for a mistrial. Respondents' counsel apologized to the court.

Appellants failed to include this allegation of error in their motion for a new trial as required by Rule 78.07. *St. John Bank & Trust Co. v. City of St. John*, 679 S.W.2d 399, 404[10] (Mo.App.1984). Appellants have not requested nor is this court inclined to review for plain error. Point four is dismissed for failure to preserve the issue for appellate review.

■ In appellants' fifth point they charge the trial court with error in giving respondents' instruction defining "conspiracy." Appellants list twenty-three instructions supposedly affected by this alleged error.

A review of these instructions shows that none of them either contains a definition of the word conspiracy or even mentions the word conspiracy. This court is unable to discern what appellants are alleging as error. Appellants' point relied on violates Rule 84.04(d) because it fails to state wherein and why the trial court erred. *Krell v. Davidson*, 694 S.W.2d 774, 775[1] (Mo.App.1985). The argument portion of appellants' brief is equally incomprehensible. The point is denied.

Appellants, in points six, eight, nine and ten, allege several errors by the trial court concerning the judgment against appellants Carol, David and Gary Axelrod. In these points, appellants seem to be saying the respondents failed to make a submissible case or that the verdict was against the weight of the evidence. David and Gary did not appeal, and in addition, the cases against them have been dismissed. Therefore, it is unnecessary to consider the evidence against them.

It is also unnecessary to discuss the $1,000,000 punitive damage judgment against the Dinero Corporation because, although Dinero is mentioned as an appellant in the notice of appeal, appellants' brief fails to mention Dinero or to advance any point or argument attacking the judgment against it.

The weight of the evidence in this jury-tried case is for the trial court, not the court of appeals to consider. *Lawrence v. Windsor*, 693 S.W.2d 853, 857[7] (Mo.App. 1985).

A reasonable interpretation of appellants' points is that they are seeking review of the trial court's denial of appellants' motion for a directed verdict in their favor at the close of respondents' case.

■ A motion for a directed verdict at the end of plaintiff's evidence should only be granted when all of the evidence and the reasonable inferences which may be drawn are so strongly against plaintiff that there is no room for reasonable minds to differ. *McCarthy v. Wulff*, 452 S.W.2d 164, 168[3] (Mo.1970). When determining whether plaintiff has made a submissible case, the court must consider all the evidence in a light most favorable to the plaintiff, take his evidence as true and give him the benefit of all reasonable inferences arising from the evidence. *Spencer v. Crow Enterprises, Inc.*, 636 S.W.2d 369, 370[1–3] (Mo.App. 1982).

■ A thorough examination of the record shows that the evidence adduced during respondents' case, when considered in a light most favorable to respondents, is more than sufficient to make a submissible case.

Jack Axelrod admitted to James S. Reid that he had carried on a scheme to defraud his employer of money and described the details of the scheme. Axelrod destroyed what might have been incriminating records. The Holzman's evidence was that they, as J & R Commission Sales, received checks from respondents which they turned over to others, including Jack and Carol Axelrod, after deducting a percentage as their commission. The owner of the tool and die shop who received checks for Vernon Rotert testified about his acceptance of checks from Midco and giving his checks for the same amounts to Vernon Rotert for J & R Commission Sales. There was undenied accounting evidence of the unauthorized flow of respondents' funds to appellants. The evidence covered all the elements required to find a civil conspiracy in Missouri. *Royster v. Baker*, 365 S.W.2d 496, 499[2–4] (Mo.1963).

Appellants merely cite Rule 67.02 and Section 510.140 RSMo.1978 under point six and then make unsupported assertions that the facts in the present case fall within the rule. They cite no authority at points eight, nine and ten. Appellants' arguments are without merit.

In point seven appellants charge that the trial court erred in giving respondents' instructions concerning the award of punitive damages. Once again appellants' point relied on violates Rule 84.04(d). This court is able, however, from reading the argument portion of appellants' brief to discern the issue. The point is denied.

Appellants seem to be arguing that respondents' instruction No. 22 was erroneous because it did not instruct the jury to take into account the individual wealth of each of the defendants in determining the amount of punitive damages.

Although it is true that the net worth of a defendant is admissible on the issue of punitive damages it is not required that evidence of net worth be adduced. *Golston v. Lincoln Cemetery, Inc.* 573 S.W.2d 700, 708[10] (Mo.App.1978).

Appellant relies on *State ex rel. Hall v. Cook*, 400 S.W.2d 39 (Mo. banc 1966). In *Cook*, the court merely stated that evidence of wealth was admissible in cases where punitive damages are to be awarded. The court did not state that the jury must be instructed on this issue. *Id.* at 42. Point seven is denied.

In appellants' final point on appeal they assert the trial court erred in not granting their request for a continuance. This point fails as well. Appellants argue that because their counsel withdrew just prior to the trial date, they did not have prepared counsel and were deprived of a fair trial.

Appellants cite no authority for their allegation of error and state no reason for this omission. Therefore, this court is not required to address this point. *Brown v. City of St. Charles*, 643 S.W.2d 645, 646[1–2] (Mo.App.1982). Nonetheless, the point may be disposed of briefly by saying that the trial court is vested with broad judicial discretion in the grant or refusal of a continuance. *Commerce Bank of Mexico, N.A. v. Davidson*, 667 S.W.2d 474, 476[1–2] (Mo.App.1984). The trial court did not abuse its discretion here.

The judgment establishing the constructive trust in the promissory note was not specifically challenged on appeal.

The judgment is affirmed.

SMITH, P.J., and SATZ, J., concur.