Kathy BRADSHAW, Personal Representative, and Donald McBride, Appellants,

v.

Reverend Robert N. DEMING,

and

Cathedral Square Corporation, et al., Respondents.

No. WD 45449.

Missouri Court of Appeals, Western District.

Sept. 29, 1992.

Tim Eugene Dollar, Kansas City, for appellants.

Edward L. Fitzgerald, Kansas City, for respondent Deming.

Emily Jane Bailey, Kansas City, for respondents Cathedral Square, et al.

Before KENNEDY, P.J., and SPINDEN and ULRICH, JJ.

KENNEDY, Presiding Judge.

Appellants Bradshaw and McBride filed suit against the Reverend Mr. Deming and his employer, The Cathedral Square Corporation, and against the Catholic Diocese of Kansas City–St. Joseph. The Cathedral Square Corporation operated a residence for the needy, elderly and handicapped, named Cathedral Square Towers. Margaret McBride was an elderly resident of Cathedral Square Towers and Deming was the director. The petition alleged that Deming exercised undue influence over Margaret McBride to secure from her a power of attorney appointing Deming her attorney in fact; that he, acting under the power of attorney, and in breach of his fiduciary duty, transferred McBride's savings account into her name and his as joint tenants; and that upon McBride's death, Deming appropriated the $12,274.54 balance in the account for his own use.

Plaintiff Donald McBride was Margaret McBride's nephew and was a residuary beneficiary of her will. Plaintiff Kathy Bradshaw, personal representative of Margaret's estate, is Donald McBride's daughter, and Margaret's great-niece.

Upon trial, the trial court submitted two packages of instructions to the jury, each with its own verdict form. One package of instructions submitted the undue influence theory. A second package of instructions submitted the breach of fiduciary duty theory. The jury returned the two verdicts. Each of the two verdict forms found for plaintiffs for actual damages of $12,274.54 against defendant Deming and Cathedral Square Corporation. The jury found the issues in favor of defendant Catholic Diocese of Kansas City–St. Joseph on the undue influence theory and against the diocese on the breach of fiduciary duty theory. The actual damages judgment entered in pursuance of these verdicts has not been challenged and is not an issue on this appeal.

After the jury had returned their actual damages verdict, by which they found also that defendants Deming and Cathedral Square Corporation were liable for punitive damages and the diocese was not liable for punitive damages, see, Section 510.263, RSMo Supp.1991, the jury was given four more verdict forms upon which to find the amounts of punitive damages. The respective forms provided for awards of punitive damages against both Deming and Cathedral Square Corporation on the undue influence "claim" and on the breach of fiduciary duty "claim."

The jury returned the four verdicts. On the undue influence "claim" verdicts, the jury awarded $6,000 punitive damages against defendant Deming and $5,000 punitive damages against defendant Cathedral Square Corporation. On the breach of fiduciary duty "claim" verdicts, the jury awarded $6,000 punitive damages against defendant Deming and $25,000 punitive damages against Cathedral Square Corporation.

The court at first entered judgment against the defendants in accordance with the verdicts, then, on defendants' "Motion(s) to Modify Judgment," the court modified the judgment to give judgment against defendant Deming for $6,000 punitive damages and against defendant Cathedral Square Corporation for $6,000.

From the final judgment as modified by the court the plaintiffs have appealed.

In support of the court's modification of the judgment in the manner described, respondents Deming and Cathedral Square Corporation argue that defendant Deming's conduct, which resulted in plaintiffs' damages, constituted but a single course of conduct and not separate and distinct acts. Plaintiffs had a single claim. They based their claim upon different pleaded theories, i.e., undue influence and breach of fiduciary duty, but the claim was single. Plaintiffs could have only a single recovery of compensatory damages. *Smith v. Chatfield,* 797 S.W.2d 508 (Mo.App.1990), *Davis v. Dolgencorp, Inc.,* 774 S.W.2d 565 (Mo. App.1989), *Linkogel v. Baker Protective Services, Inc.,* 626 S.W.2d 380 (Mo.App. 1981), *Stafford v. Muster,* 582 S.W.2d 670 (Mo.1979). Similarly, according to respon-

dents' argument, plaintiffs had only one claim for punitive damages, and the claim should have been submitted as one.

■ We do not need to rule this argument. The argument is aimed at the wrong target. It should have been directed at the instructions and the verdict forms by which the case was submitted. The fact is, the case, rightly or wrongly, was submitted to the jury in the manner described above. Defendants did not complain of the manner of submission in a motion for new trial, and they make no complaint about it here. They have therefore waived any complaint about the dual submission. It remains only to determine the meaning and intent of the verdicts.

■ The jury made two awards against Deming in plaintiffs' favor, for $6,000 each, or a total of $12,000. That was the clear and unmistakable intent of the verdict. There is no reason to think the two awards were duplicative. That the jury intended the aggregate of the two sums is shown by their award of different sums—$5,000 and $25,000, respectively—in their two verdicts against Cathedral Square Corporation.

Plaintiffs should have judgment against defendant Deming for punitive damages in the sum of $12,000.

■ Plaintiffs say next they should have judgment against Cathedral Square Corporation for the punitive damages amounts awarded by the jury verdict, $25,000 and $5,000. Cathedral Square Corporation, on the other hand, says it may not be held liable for more punitive damages than its agent and employee, where its liability rests solely upon the doctrine of respondeat superior and not upon its personal corporate wrongdoing.

■ As an abstract proposition, there is no rule of law that would prevent the assessment of punitive damages in different amounts against principal and agent where the claim against the principal was on a respondeat superior basis, solely for the agent's wrong. The rule is different with respect to actual damages. A principal whose liability is purely derivative cannot be held liable for actual damages more

than the amount awarded against its agent. *State ex rel. Scarborough v. Earley*, 219 S.W.2d 879 (Mo.App.1949). See, also, cases in which a verdict against a principal has been set aside for inconsistency where verdict has been returned in agent's favor, *Smith v. Middlekauff*, 359 S.W.2d 755 (Mo. 1962); *Maxwell v. Springfield*, 705 S.W.2d 90 (Mo.App.1986), although the present rule requires complaint by the prejudiced party before jury is discharged or else is waived. *Moran v. North County Neurosurgery, Inc.*, 714 S.W.2d 231 (Mo.App. 1986). Also, punitive damages cannot be awarded against the principal unless they are also awarded against the agent, where both are parties, *See Douglas v. Hoeh*, 595 S.W.2d 434, 440 (Mo.App.1980).

Punitive damages, on the other hand, have as their purpose, not the compensation of the plaintiff, but the punishment of the defendant and the deterrence of the offending conduct in the future. If principal and agent are in widely different financial circumstances, it may take different amounts of "smart money" to accomplish the purpose. *State ex rel. Hall v. Cook*, 400 S.W.2d 39 (Mo. banc 1966). The latter case approved the award of different amounts of punitive damages against two different defendants, not principal and agent, but quoted with approval the following from *Johnson v. Atlantic Coast Line R. Co.*, 142 S.C. 125, 140 S.E. 443 (1927), which was a principal and agent case:

> The policy of separate verdicts, on the other hand, requires that, in fixing the amount of punitive damages, the pecuniary conditions of the defendants should be considered. One defendant may show small means; the great wealth of another may be shown; and in each instance the amount of the verdict may be considered by the jury, fairly and justly, from the sound standpoint of assessing such amount of punitive damages as to operate as adequate punishment.

*State ex rel. Hall v. Cook*, 400 S.W.2d at 42, *(quoting Johnson v. Atlantic Coast, 140 S.E. 443, 454).*

In this case, however, respondent Cathedral Square Corporation says there was no

evidence of the net worth either of defendant Deming or of Cathedral Square Corporation. Since there is no evidence of disparity in the net worth of the two defendants, and since appellants' case for punitive damages against respondent Cathedral Square Corporation rests solely on the conduct of its agent and not on any wrong of its own, there is no ground for disparate punitive damage verdicts. Respondent Cathedral Square Corporation is right on this point. Without evidence of greater net worth—or some justification for more punitive damages against the principal than against the agent—the verdicts in unequal amounts cannot stand. Without some evidentiary justification for disparity in the amounts of punitive damages awarded, the same rule applies as the rule relating to actual damages, namely that no greater amount can be awarded against the principal, who is only secondarily liable, than against the agent, who is primarily liable.

*State ex rel. Scarborough v. Earley*, supra. Judgment for punitive damages against Cathedral Square Corporation should be entered in the amount of the verdict, not to exceed the amount awarded against defendant Deming, or $12,000.

The judgment is reversed and cause remanded for entry of judgment against respondent Deming for $12,000, and against respondent Cathedral Square Corporation for $12000, in accordance with foregoing opinion.

All concur.